## No. 17,918.

JOHN VALDEZ, ET AL. *v.* ROBERT EDWARD SAMS, ET AL.

(307 P. [2d] 189)

Decided February 4, 1957.   Rehearing denied February 25, 1957.

Messrs. KRIPKE & McLEAN, Mr. ARNOLD ALPERSTEIN, for plaintiffs in error.

Mr. Isaac E. Moore, for defendants in error.

*In Department.*

Mr. Chief Justice Moore delivered the opinion of the Court.

The parties appear in the same order in which they appeared in the trial court, and we will refer to them as plaintiffs and defendants.

Plaintiffs alleged in their complaint that they sustained injuries and damages resulting from an automobile collision which was proximately caused by the negligence of defendants. They further alleged that the defendant Sams "willfully, recklessly, carelessly, and negligently drove, or caused to be driven, a motor vehicle into and against the vehicle" in which they were riding, and that said Sams "was guilty of negligence consisting of a reckless or willful disregard of the right or safety of others."

Defendants failed to appear or defend in the trial court and default was entered against them pursuant to Rule 55 R.C.P. Colo. Thereafter evidence was taken by the court to determine what judgment should be entered.

It appears from the judgment entered in the trial court that no finding was made that either defendant was guilty of negligence consisting of a reckless or willful disregard of the right or safety of others, or that either defendant "willfully, recklessly, carelessly, and negligently drove" the automobile which collided with that in which plaintiffs were riding. The damages awarded were compensatory, as distinguished from exemplary damages.

After the entry of judgment defendant Sams filed a petition in bankruptcy in the District Court of the United States for the district of Colorado, in which he scheduled said judgment as evidencing a debt from which he sought discharge. Plaintiffs thereupon filed

a petition in the bankruptcy proceedings seeking an order to exempt the judgment from the operation of a discharge in bankruptcy. The referee denied the petition "without prejudice to any rights that may inhere in the petitioners, or any of them, under the provisions of Section 17 of the Bankruptcy Act."

Defendant Sams was discharged in bankruptcy on June 23, 1955. Thereafter plaintiffs caused execution to issue upon said judgment, and garnishment proceedings were instituted in an effort to collect the judgment. Defendant Sams obtained from the trial court an ex parte order directing the sheriff to release and discharge the garnishee, and prohibiting issuance of further writs of garnishment and attachment in the cause. Plaintiffs thereupon filed a motion to vacate said order. The trial court heard this motion and thereafter adjudged and decreed that said "judgment entered herein be deemed discharged by the aforesaid bankruptcy of said defendant Robert Edward Sams," and it is to this judgment that the writ of error herein is directed.

On behalf of plaintiffs it is contended that when defendant Sams permitted default to enter against him he admitted the truth of all facts properly alleged in the complaint, including the allegation of reckless or willful disregard of the rights or safety of others, and that the judgment entered following the entry of default created an obligation which could not be discharged in bankruptcy proceedings.

11 U.S.C.A. Sec. 35 (ch. 3, sec. 17, Bankruptcy Act of 1898, as amended) provides in pertinent part that, "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, * * * except for willful and malicious injuries to the person or property of another."

Question to be Determined.

*Where in an action to recover judgment for damages resulting from an automobile collision, the complaint contains an allegation that the defendant was guilty of negligence consisting of a "reckless or willful disregard*

*of the right or safety of others"; and where default of defendant was entered and thereafter the court heard evidence in support of the allegation of the complaint land entered judgment without specifically finding that more than simple negligence was shown, and without an award for exemplary damages or execution against the body; is the debt evidenced by the judgment an obligation which is extinguished by a discharge in bankruptcy?*

■ The question is answered in the affirmative. Examination of the record in this action leads to the conclusion that the trial court entered judgment based upon simple negligence. If plaintiffs desired to protect themselves against the possibility that defendant might seek a discharge in bankruptcy, it was incumbent on them to secure a specific finding in the trial court that the negligence of defendant was such that a discharge in bankruptcy would not operate to release the judgment. No such finding was made.

■ Rule 55 R.C.P. Colo. provides that the clerk of the court in which an action is pending shall enter default when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. It further provides that "judgment by default" may be entered by the clerk in those circumstances specifically mentioned, none of which include an action of this kind. Rule 55 (b) (2) R.C.P. Colo., provides,

"In all other cases the party entitled to a judgment by default shall apply to the court therefor; * * * If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth or any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper."

The court was required under this rule to take evidence and to determine the amount of damages. Exemplary damages or execution against the body cannot be

awarded in the absence of a specific finding, based upon evidence, that the special circumstances which warrant the extraordinary remedy were in fact present.

The case is one of first impression in this jurisdiction, and we are not impressed with the reasoning of the California Court of Appeals in *Fitzgerald v. Herzer*, 78 Cal. App. 127, 177 P. (2d) 364, which is the only case cited by counsel for plaintiffs which supports the argument made by them for reversal of the judgment.

■ We are in accord with the views expressed by the Supreme Court of New Jersey in *Freedman v. Cooper*, 126 N.J.L. 177, 17 Atl. (2d) 609. In that case a default had been entered against the defendant and judgment for over six thousand dollars awarded the plaintiff. The complaint in that action contained an allegation that the defendant's automobile was driven "in such other divers reckless, careless, willful, wanton and negligent manner as to evince a reckless disregard for human life and safety." The defendant was discharged in bankruptcy and the question thereafter arose as to whether the judgment was thereby nullified. The court held that the discharge in bankruptcy fully released the defendant and the plaintiff was permanently restrained from taking further steps under the judgment. The court said, inter alia:

"The introduction in evidence of the order of discharge in bankruptcy places upon the creditor the burden to show that because of the nature of the claim, failure to give notice or other statutory reason the debt sued upon was excepted from the operation of the discharge. * * *

"* * * The form of the complaint is not determinative of whether the case falls within the exception to the statute."

The judgment is affirmed.

Mr. Justice Knauss, Mr. Justice Sutton and Mr. Justice Day concur.