558 P.2d 447 (1976)
Clara PETRINI, Plaintiff-Appellee,
v.
Mathilda Mary SIDWELL, a/k/a Mattie Sidwell, Defendant and Cross-Claimant-Appellant,
v.
Lavinia YOUNG, Third-Party Defendant and Counter-Claimant-Appellee.
No. 75-939.
Colorado Court of Appeals, Div. III.
December 16, 1976.
Goldsmith, Fleischman & Karet, P. C., Richard A. Fleischman, Chester J. Luby, Denver, for plaintiff-appellee and third-party defendant and counter-claimant-appellee.
Robert L. Gee, Bartels & Dickinson, Gilbert A. Dickinson, Denver, for defendant and cross-claimant-appellant.
RULAND, Judge.
This appeal arises out of a landlord-tenant dispute between Clara Petrini and Lavinia Young, tenants, and Mathilda Mary Sidwell, landlord. Under C.R.C.P. 37(d), the trial court entered a judgement by default against Sidwell in the amount of $7,017.09 for failure to comply with a request for production of documents. Following presentation of legal argument, the court denied her motion pursuant to C.R.C.P. 60 (b) to vacate that judgment. Sidwell appeals. We remand the case for further proceedings.
On March 5, 1974, Petrini initiated this action against Sidwell to recover damages for conversion of personal property, and various breaches of the lease agreement. Sidwell answered, alleged a counterclaim against Petrini, and asserted a third-party complaint against Young. Young answered as a third-party defendant and counter-claimed against Sidwell.
By letter dated September 24, 1974, Sidwell discharged her attorney for financial reasons and "because the case seems to be sufficiently straightforward and in my favor, for me to be able to handle it alone from henceforth . . . ." In that letter, Sidwell also stated that if counsel for Petrini and Young desired to pursue the case further "they may obtain from me the documents they feel they need through the *448 intermediary of the Courts, and by Court order . . . ."
On or about January 7, 1975, Petrini and Young filed a joint motion for pretrial conference, alleging that the case was scheduled for a jury trial on February 5, 1975, but that "despite repeated attempts by counsel . . . to have . . . Sidwell produce documents as allowed by Rule 34, C.R.C.P. . . . [Sidwell] refuses to make discovery and refuses to comply with the Rules of Civil Procedure." Sidwell responded with a motion requesting that pretrial conference be rescheduled for January 24. This motion was granted. However, Sidwell failed to appear for the pretrial conference. The court vacated the February 5 trial date and entered an order directing that the parties complete all discovery within 90 days, and that:
"[A]ll parties must comply with all requests for discovery pursuant to the Colorado Rules of Civil Procedure as well as the local rules of the Denver District Court. In the event that any party refuses to comply with any appropriate requests for discovery, the Court will consider any appropriate motions for sanctions under Rule 37, Colorado Rules of Civil Procedure, including but not limited to a request for judgment by default against the party so refusing to make discovery.
. . . . . .
"[I]n the event any party desires to proceed pro se (without counsel) that said party will be subject to all appropriate Court rules applicable to any attorney and will be required to conduct his or her case according to appropriate court procedure."
A copy of this order was served on Sidwell on February 22, 1976, by personal service.
On February 26, Petrini and Young served Sidwell with a joint request for production of documents pursuant to C.R. C.P. 34, which stated that Petrini and Young would seek a default judgment in the event Sidwell failed to comply with the request. Petrini and Young received no response from defendant nor did defendant appear on March 27 as requested. Therefore, on March 31, Petrini and Young filed a motion for entry of judgment by default pursuant to C.R.C.P. 37(d), reciting the provisions of the pretrial order governing discovery and Sidwell's failure to comply with the request for production of documents. A hearing on the motion was set for April 8. All parties appeared on that date but the hearing was continued to May 8. On May 8, Sidwell did not appear; the trial court examined the pleadings and affidavits of the parties, and entered default judgment against Sidwell, and dismissed Sidwell's claims against Petrini and Young with prejudice. The judgment recites that it was predicated upon Sidwell's failure to comply with discovery procedure, but there are no findings relative to whether the failure was wilful, inadvertent, or otherwise.
After learning of the default judgment, Sidwell obtained counsel and filed a verified motion for new trial and for relief from judgment under C.R.C.P. 60(b). In that motion, and insofar as pertinent here, Sidwell alleged generally her lack of legal training, "extreme pressure as to her work, financial condition, and the welfare of and her relationship with her daughter," and stated that she had refused to produce the documents because of the advice of her prior attorney that she did not have to produce them until the court ruled that "the same were admissible." According to the motion, Sidwell understood the hearing on May 8 to be for the purpose of ruling on admissibility.
She stated in the motion that she had failed to appear for the pretrial conference because she had not been advised by anyone that her request to reschedule the hearing had been granted, and that another attorney assigned to her by the "Legal Aid Society" made inquiry for her at the district court clerk's office but was not informed of the January setting. In the motion, Sidwell stated that she personally conferred with that attorney on February 9 and February 25, and on several other occasions *449 on the telephone. She also stated that her failure to appear on May 8 was caused by her error in marking the date of May 9 on her calendar, but that she attempted to notify the court and counsel by telephone approximately one hour prior to the hearing that she would be unable to appear. The motion concludes with the statement that there was no intent on Sidwell's part at any time not to comply with any orders of the court.
Sidwell first contends that the court was without jurisdiction to enter the default judgment because the pretrial order issued on January 24 was not a specific order compelling discovery under C.R.C.P. 37(a)(1). Defendant argues that the requirement of a motion and order under C.R.C.P. 37(a)(1) should be read into the provisions of C.R.C.P. 37(d) as a condition precedent to entry of default judgment. This contention lacks merit. Even assuming, for purposes of argument, that the motion for pretrial conference and the pretrial order may not be construed as meeting the requirements of C.R.C.P. 37(a)(1), the wording of the two subsections of the rule establishes that these subsections are of independent significance and operation. See Monogram Models, Inc. v. Industro Motive Corp., 492 F.2d 1281 (6th Cir. 1974).[1] Thus, the court had authority to enter default judgment upon motion by reason of Sidwell's noncompliance with the request for inspection of documents. See 8 C. Wright & A. Miller, Federal Practice & Procedure § 2291.
We also reject Sidwell's contention that she did not receive proper notice of the intent of Petrini and Young to obtain judgment by default. Petrini was advised in the pretrial order that such a request would be considered for failure to comply with the Rules of Civil Procedure governing discovery. Sidwell was served with the motion requesting entry of default judgment and notice of hearing a month before judgment was entered. See C.R.C.P. 55(b)(2). Hence, ample notice was provided.
Relying upon Salter v. Board of County Commissioners, 126 Colo. 39, 246 P.2d 890 (1952), Sidwell asserts that the trial court may not enter judgment by default pursuant to C.R.C.P. 37(d) absent a finding by the trial court that her failure to comply with the request for discovery was "wilful." Petrini and Young answer that C.R.C.P. 37(d) was amended after Salter was decided, the term "wilful" which formerly appeared in that section was deleted, and thus they conclude that a default judgment may be entered for failure to comply with discovery requirements irrespective of whether the failure was wilful. We conclude that the trial court must consider whether Sidwell's failure to comply with the discovery was wilful or in bad faith in determining which sanctions should be applied under C.R.C.P. 37(d).
Various provisions of the Colorado Rules governing discovery were amended in 1970, based essentially upon the amendments previously adopted for the Federal Rules of Civil Procedure. See 3 V. Dittman, Colorado Practice 245 (1975 Supp.). C.R.C.P. 37(d), as amended, is identical to Fed.Rule Civ.Proc. 37(d). The amendments increased sanctions permissible for failure to comply with discovery requirements and provided greater flexibility as to imposition of those sanctions. See 4A J. Moore, Federal Practice ¶ 37.01[8] at p. 37-27. While the term "wilful" was deleted from the amendments, in considering an issue similar to that before us, the court in Flaks v. Koegel, 504 F.2d 702 (2d Cir. 1974), stated:
"The 1970 amendments were intended to authorize the court, where it deemed appropriate, to impose more flexible and softer sanctions for Rule 37 violations than theretofore provided. However, there was no intent to eliminate the willfulness element when the harsh sanction of the dismissal of a complaint or the *450 striking of an answer was ordered. This is made clear in the note of the Advisory Committee on the Rules."
See also Sapiro v. Hartford Fire Insurance Co., 452 F.2d 215 (7th Cir. 1971); 4A J. Moore, supra, ¶ 37.05; 8 C. Wright & A. Miller, supra.
While the record reflects conscientious attempts by counsel for Petrini and Young as well as the trial court to inform Sidwell in advance of the potential consequences of her failure to comply with the request for discovery, her verified motion seeks to demonstrate that her failure to comply was not wilful. Hence, we conclude that the case must be remanded for an evidentiary hearing and for appropriate findings so that appellate review may be made of the trial court's exercise of discretion. See Flaks v. Koegel, supra.
The order denying Sidwell's motion puruant to C.R.C.P. 60(b) is set aside and the cause remanded for further proceedings consistent with the views herein expressed.
SMITH and BERMAN, JJ., concur.
NOTES
[1] For a case involving failure to comply with an order for physical examination under C.R.C.P. 35(a), see Braxton v. Luff, Colo. App., 558 P.2d 444 (No. 75-744, announced December 16, 1976).