**KWIK WAY STORES, INC., a Colorado corporation, Plaintiff-Appellee,**

v.

**Donna CALDWELL and James Waits, Defendants-Appellants.**

No. 84CA0018.

Colorado Court of Appeals, Div. I.

June 6, 1985.

Rehearing Denied July 3, 1985.

Certiorari Granted Nov. 4, 1985.

Goodbar & Johnson, David M. Johnson, Colorado Springs, for plaintiff-appellee.

Law Firm of Alan Jensen, Alan N. Jensen, Colorado Springs, for defendants-appellants.

ENOCH, Chief Judge.

Defendants, Donna Caldwell and James Waits, appeal from a judgment for plaintiff, Kwik Way Stores, Inc., on its claims for defamation and tortious interference with prospective business advantage. We reverse and remand for additional proceedings.

Plaintiff, which owns and operates a number of convenience stores, initiated this action alleging that defendants had published defamatory and disparaging statements concerning the operation of plaintiff's business and the settlement of a suit brought by the United States Department of Labor against plaintiff for wage and hour violations. On August 29, 1983, plaintiff filed a "Motion for Entry of Default Judgment" alleging that defendants had failed to appear for a deposition for which they had been subpoenaed. On September 19, 1983, the trial court struck defendants' pleadings and entered a default pursuant to C.R.C.P. 37(d) on the grounds of defendants' failure to appear for the depositions.

At a scheduled hearing for entry of default judgment on November 14, 1983, plaintiff presented its evidence on the issue of damages. The trial court, however, refused to permit defendants, who for the first time in the action were represented by counsel, to object, to cross-examine plaintiff's witnesses, or to put on any evidence in mitigation of damages.

At the conclusion of the hearing, the trial court entered a permanent injunction against defendants and judgment for plaintiff for $25,000 in compensatory damages, apparently for both interference with prospective business advantage and for libel, together with $25,000 in punitive damages.

## I.

Defendants first contend that the trial court erred in entering a default against them. We agree.

■ Under C.R.C.P. 37, a trial court may strike the pleadings of, and enter a default judgment against, a party who fails to attend a deposition. *Reserve Life Insurance*

*Co. v. District Court*, 126 Colo. 217, 247 P.2d 903 (1952). However, before C.R.C.P. 37(d) sanctions may be imposed, the trial court must first find that the non-compliance was willful. *Petrini v. Sidwell*, 38 Colo.App. 454, 558 P.2d 447 (1976).

■ Here, the trial court made no findings concerning the willfulness of defendants' non-compliance with the subpoena. In view of defendants' contention at the hearing on the motion for C.R.C.P. 37(d) sanctions and afterwards that the non-compliance was not willful, the case must be remanded for entry of appropriate findings. *See Petrini v. Sidwell, supra.*

## II.

Defendants also contend that there was insufficient evidence to support the award of compensatory damages, or in the alternative, that they were deprived of due process by the court's refusal to allow them to participate in the hearing on damages. We agree that the hearing was fatally defective.

■ An entry of default in a claim for unliquidated damages admits only the non-defaulting party's right to recover, not the amount of damages. *See Flaks v. Koegel*, 504 F.2d 702 (2d Cir.1974); 10 C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* § 2688 (2d ed. 1983); 6 *Moore's Federal Practice* §§ 55.03[2] & 55.07 (1976). While no Colorado case has directly addressed the issue of the defaulting party's procedural rights during a hearing on damages, the majority of jurisdictions which have considered the question have held that the defaulting party is entitled to cross-examine witnesses and present evidence in mitigation of unliquidated damages. *See, e.g., Dungan v. Superior Court*, 20 Ariz.App. 289, 512 P.2d 52 (1973); *Kohlenberger, Inc. v. Tyson's Foods, Inc.*, 256 Ark. 584, 510 S.W.2d 555 (1974); *Firestone v. Harris*, 414 A.2d 526 (D.C.App. 1980); *Gallegos v. Franklin*, 89 N.M. 118, 547 P.2d 1160 (N.M.App.1976); *Rainwater v. Haddox*, 544 S.W.2d 729 (Tex.Civ.App. 1976).

We agree with this interpretation of the defaulting party's rights and find it to be consistent with C.R.C.P. 55(b)(2). Before a default judgment is entered, the court is required to conduct a hearing, where proof of any fact is necessary to enable it to assess damages. *Valdez v. Sams*, 134 Colo. 488, 307 P.2d 189 (1957). Furthermore, notice of the hearing must be given to a defaulting party who had entered an appearance. C.R.C.P. 55(b)(2). Thus, it logically follows that if the moving party has to prove the existence and amount of damages, and if the defaulting party is present, our adversary system requires the latter should be allowed to cross-examine witnesses and present mitigating evidence. *See Gallegos, supra.* We therefore hold that, if the sanction of default is reinstated and leads to a hearing on damages, defendants must be accorded the opportunity to cross-examine witnesses and present evidence in mitigation of the unliquidated damages.

The judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.

PIERCE and BABCOCK, JJ., concur.