**Marguerita A. JOHNSTON,**
**Plaintiff-Appellee,**

v.

**S.W. DEVANNEY & COMPANY, INC.,**
**a Colorado corporation,**
**Defendant-Appellant.**

**No. 85CA0184.**

Colorado Court of Appeals,
Div. III.

Decided April 3, 1986.

Turman & Associates, Robert Lloyd Turman, Colorado Springs, for plaintiff-appellee.

Bucholtz & Bull, P.C., Keith Frankl, James C. Bull, Denver, for defendant-appellant.

VAN CISE, Judge.

Defendant, S.W. Devanney & Company, Inc. (the broker), a stock brokerage firm, appeals the orders denying its C.R.C.P. 55(c) motion to set aside, and its C.R.C.P. 60(b) motion for relief from, a default judgment entered against it and in favor of plaintiff, Marguerita A. Johnston (the customer). We affirm in part and reverse in part.

The action was commenced by the service of summons and complaint on the broker on October 8, 1984. In her verified complaint, the customer alleged that on August 18, 1983, the broker had in its possession in her account shares of stock in New York Airlines, Guidon Oil & Gas, and Dayton Power & Light. On that date, she told the broker to order out her stock certificates and close her account, a process that normally takes from three to six weeks. In September New York Airlines was trading at $9.25 and Dayton Power & Light at $18.625 per share, and in October Guidon Oil & Gas was trading at 10½¢ per share. She received her stock certificates on October 20. She further alleged that, because of the broker's delay, she lost $7,317.50 as a result of not being able to sell her stocks for the prices quoted.

She claimed that the broker's actions "clearly evidence a willful, wanton and

reckless disregard" for her and her "financial well-being, as well as a breach of the fiduciary duty" owed her by the broker. She asked for judgment against the broker for:

"[T]he loss of revenue and potential profits caused by Defendant's negligence and reckless disregard for Plaintiff's financial well-being in the amount of $7,317.50;

"Punitive and exemplary damages in the amount of $15,000.00 for Defendant's willful, wanton and reckless disregard for the fiduciary duty owed Plaintiff by Defendant;

"Attorney's fees in the amount of $2,250.00;

"Costs of this action in the amount of $120.00;

"Interest on said Judgment in the amount of 21% per annum compounded monthly from August 18, 1983."

The broker failed to file a timely answer. On October 29, the customer filed a verified motion for judgment by default, in which she stated that the broker had failed to plead or respond within the 20 day period required by C.R.C.P. 12(a), and that the broker was indebted to her as set forth in the language quoted above from the complaint. Based on the allegations in the verified complaint and motion, and without taking any testimony, the trial court on October 30 entered findings and judgment in the language quoted above except that interest at 21% per annum was awarded only from date of judgment and there was no monthly compounding.

On December 18, upon learning of the entry of the default judgment, the broker filed a C.R.C.P. 55(c) and 60(b) motion to set aside the judgment and to allow it to file an answer. On December 20, the motion was supplemented with affidavits.

As "inadvertence" and "excusable neglect," the broker said that its president had received the papers and had intended to transmit them to its attorney but that they were misplaced during a move of the president's office. As a meritorious defense, the broker alleged: (1) that the cus-

tomer was not damaged by the delay in forwarding the certificates because she could have sold the stock at any time, even without having possession of the certificates, by placing an order to sell with this broker or any other broker; (2) that even if she was damaged (which the broker denies), the delay was a result of acts and omissions of third parties outside the control of this broker; (3) that the damage award is disproportionate to the actual damages, if any, suffered by the customer, and gave an unjustified windfall to her. This motion was denied December 28 without a hearing.

On January 7, 1985, the broker filed a motion under C.R.C.P. 60(b) to alter or amend the judgment and asked for a hearing thereon. In this motion the broker raised, as additional grounds justifying relief, that the court cannot enter a judgment for compensatory damages without receiving affidavits or conducting a hearing to establish the amount, that it cannot enter a judgment for exemplary damages without proof of entitlement beyond a reasonable doubt and a showing that the amount is reasonable, that it cannot award attorney fees absent a showing that the customer agreed to pay such fees and that attorney fees are provided for by statute or contract and that the amount is fair and reasonable, that there is no basis for an award of interest at the rate of 21% per annum, and that the customer's allegations in her complaint constituted fraud upon the court. This motion was denied without a hearing the day it was filed.

On appeal, the broker contends that "good cause" exists for setting aside the default, that there are compelling "reasons justifying relief from the operation of the judgment," and that, under the circumstances of this case, the trial court abused its discretion in denying the C.R.C.P. 55(c) and 60(b) motions. We agree in part.

■ The broker's failure to file a timely answer was due to its own carelessness and this does not constitute "good cause shown" or "excusable neglect." *See Wag-*

*ner Equipment Co. v. Mountain States Mineral Enterprises, Inc.,* 669 P.2d 625 (Colo.App.1983); *Biella v. State Department of Highways,* 652 P.2d 1100 (Colo. App.1982), aff'd 672 P.2d 529 (Colo.1983). Existence of a meritorious defense and a lack of prejudice to the customer are insufficient in themselves to show an abuse of discretion in refusing to set aside the default. *Craig v. Rider,* 651 P.2d 397 (Colo. 1982); *Snow v. District Court,* 194 Colo. 335, 572 P.2d 475 (1977). Therefore, we affirm the judgment insofar as it pertains to the broker's liability.

However, the judgment entered is for compensatory and exemplary damages, 21% per annum post-judgment interest, and attorney fees. There was no evidentiary hearing. The only showing of entitlement thereto was the conclusory allegations referred to above in the verified complaint and motion for judgment and the court's findings in the identical language.

This was insufficient to serve as a basis for even a compensatory damage award, *see Valdez v. Sams,* 134 Colo. 488, 307 P.2d 189 (1957), much less exemplary damages which are conditioned on the customer's establishing beyond a reasonable doubt the commission of a wrong by the broker which was attended by circumstances of "wanton and reckless disregard" of her rights. Sections 13–21–102 and 13–25–127(2), C.R.S.; *Valdez, supra. See also Norton v. Raymond,* 30 Colo.App. 338, 491 P.2d 1403 (1971).

Also, there was no justification shown for post-judgment interest at 21% per annum instead of the rate specified in § 13–21–101, C.R.S. (1985 Cum.Supp.). Moreover, absent a specific contractual, statutory, or procedural rule authorization, and none was shown here, attorney fees are not recoverable as an item of damage in a tort or contract action. *Beebe v. Pierce,* 185 Colo. 34, 521 P.2d 1263 (1974).

Under these circumstances, we conclude that the trial court abused its discretion in refusing to set aside the damages portion of the judgment.

The judgment is affirmed as to liability and reversed as to damages. The cause is remanded for a hearing to determine the amount of damages, if any.

KELLY and METZGER, JJ., concur.