Thomas J. MOORE and Jennifer M. Moore (nee Anderson) Plaintiffs,

v.

**UNITED STATES/UNITED STATES DE-PARTMENT OF AGRICULTURE FOR-EST SERVICE, Nova Guides, Inc., Steven J. Pittel dba Nova Guides, Yamaha Motor Corporation, U.S.A., Yamaha Motor Co., Ltd., Yamaha Motor Canada, Ltd., Defendants.**

Civ. A. No. 93–K–1865.

United States District Court, D. Colorado.

Sept. 12, 1994.

Edward W. Holub, Zapiler & Associates, Denver, CO, for plaintiff/petitioner.

Timothy F. Marion, Deisch, Marion & Breslau, Denver, CO, for defendants Yamaha.

Linda S. Comer, Hall & Evans, Denver, CO, for defendants Nova.

U.S. Defendants have been earlier dismissed.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

This case is before me on Plaintiffs' motion for leave to file a first amended complaint against Defendant, Nova Guides Inc. Jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332 and on supplemental jurisdiction under 28 U.S.C. § 1367. I grant the motion in part and deny it in part.

## I. *Background.*

This action arises out of alleged injuries and damages sustained by Plaintiffs in September 1991 when they participated in a guided tour involving the use of all-terrain vehicles (ATVs) in White River National Forest. Plaintiffs filed this suit on September 7, 1993 and simultaneously filed an identical suit in the United States District Court for the Northern District of Illinois, Eastern Division. Following several motions to dismiss the Illinois action, defendants Nova Guides, Inc. and Steven J. Pittel dba Nova Guides and the United States/United States Department of Agriculture Forest Service were dismissed from that suit, the remainder of the suit being transferred to the District of Colorado.

At a status conference in June 1994, counsel for Nova Guides indicated the ATVs which allegedly caused Plaintiffs' injuries had been sold by auction and Nova Guides had no means to ascertain the buyers nor the ATVs present location. Yamaha has since settled out of the case. A recent scheduling order provides a deadline of October 14, 1994 for amending pleadings.

Plaintiffs' initial complaint stated *inter alia* causes of action against Nova Guides for negligence and against Yamaha Motor Corporation, U.S.A., Yamaha Motor Co. Ltd. and Yamaha Motor Canada, Ltd. (collectively "Yamaha") for manufacture and distribution of the unreasonably dangerous ATVs. Yamaha has since settled out of the case. The first amended complaint introduces new causes of action against Nova Guides based on (1) negligent hiring and retention, (2) willful and wanton negligence, (3) intentional interference with prospective economic advantage, and (4) negligent interference with prospective economic advantage. Nova Guides objects to the additional causes of action with the exception of that for negligent hiring and retention.

## II. *Applicable Rule.*

Rule 15 of the Federal Rules of Civil Procedure provides where a party seeks leave of court to amend a pleading "leave shall be freely given when justice so requires." Fed. R.Civ.P. 15(a). I have described this language as "unique in its liberality." *Northwest Central Pipeline Corp. v. Mesa Petroleum Co.*, 643 F.Supp. 280, 281 (D.Colo.1986). Uniqueness exists because there is nowhere else in the Rules of Civil Procedure providing that any kind of relief, including leave, "shall be freely given when justice so requires." However, "[t]he broad permissive language appearing in both the rule and the cases does not mean that there are no standards by which the trial court is to be guided." 6 Charles A. Wright et al., *Federal Practice and Procedure* § 1473 (1990). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West,* 3 F.3d 1357, 1365 (10th Cir.1993).

### III. *Merits.*

A. *Intentional or Negligent Interference with Prospective Economic Advantage.*

■ Plaintiffs allege Nova Guides' disposal of the ATVs operated by Plaintiffs during the guided tour has irreparably interfered with their product liability claim for relief against Yamaha. Consequently, Plaintiffs seek to amend their complaint to add claims for intentional and negligent interference with prospective economic advantage against Nova Guides. Nova Guides argues Plaintiffs should not be allowed to amend their complaint to include these claims.

Nova Guides asserts I am required under diversity jurisdiction to apply existing Colorado law. It argues the proposed claims are premised on alleged "spoliation of evidence" which Colorado has not recognized as a cause of action. Plaintiffs concede Colorado has not adopted "spoliation of evidence" as a claim for relief.[1] They assert, however, Col-

---

1. Plaintiffs argue the decisions of other jurisdictions reflect a trend toward recognizing this claim for relief. *See Foster v. Lawrence Memorial Hospital,* 809 F.Supp. 831, 836 (D.Kan.1992) (noting that "Alaska, California, Florida, Illinois and North Carolina have recognized a civil action for spoliation; Georgia [being the] only state to flatly reject the tort"). *See also Smith v. Superior Court,* 151 Cal.App.3d 491, 198 Cal. Rptr. 829 (1984); *Hazen v. Municipality of An-*

orado does recognize the tort of interference with prospective economic advantage and this tort should be read broadly enough to include spoliation of evidence. Plaintiffs point to no Colorado authority to support this theory.

In *Dolton v. Capital Federal Savings & Loan Association*, 642 P.2d 21, 23 (Colo.App. 1981), the court recognized a claim for relief based upon interference with economic advantage. The *Dolton* court only discussed interference with the formation of a contract. Colorado has since expanded this tort to include interference with other types of economic advantage. *See, e.g., Kwik Way Stores, Inc. v. Caldwell*, 709 P.2d 36, 37 (Colo.App.1985) (injury to business resulting from publishing defamatory statements); *Cronk v. Intermountain Rural Elec. Ass'n*, 765 P.2d 619, 623 (Colo.App.1988) (injury to plaintiff's "prospective financial advantage" resulting from actions of supervisor which culminated in the termination of plaintiff's employment). Colorado, however, has not expanded this tort to include injuries resulting from an alleged spoliation of evidence.

Plaintiffs cite *Weiss v. United States*, where the court stated: "Where no state court has addressed clearly the substantive law of the state upon which summary judgment is granted, federal courts must predict how the state's highest court would rule." 787 F.2d 518, 525 (10th Cir.1986).

Plaintiffs argue this provides a sufficient basis for me to recognize their claim for spoliation of evidence because other jurisdictions recognize the claim. *Weiss*, however, seems to suggest the opposite conclusion. Since Colorado courts have given no indication that Colorado recognizes such a claim, it would be reasonable to "predict" that the state's highest court would also choose not to recognize the claim in this case.

Furthermore, federal courts exercising diversity jurisdiction have traditionally applied existing state law and have refrained from creating *new* state law where the state's highest court has not done so. *See City of Philadelphia v. Lead Indus. Ass'n*, 994 F.2d 112, 122–23 (3rd Cir.1993). Recognizing Plaintiffs' claim for spoliation of evidence in this case would create new law for Colorado.[2]

Therefore, because Plaintiffs' claims for intentional or negligent interference with prospective economic advantage based on alleged spoliation of evidence are not cognizable under Colorado law, I deny the motion to amend with respect to these claims.[3]

### B. *Willful and Wanton Negligence.*

■ Additionally, Plaintiffs maintain their Illinois counsel, unfamiliar with Colorado law, omitted to plead the willful and wanton negligence claim. Nova Guides opposes the motion as untimely since, at the time the complaint was filed, Plaintiffs had Colorado counsel. Plaintiffs contend as soon as their pres-

chorage, 718 P.2d 456 (Alaska 1986); *Henry v. Deen*, 310 N.C. 75, 310 S.E.2d 326 (1984); *Fox v. Cohen*, 84 Ill.App.3d 744, 40 Ill.Dec. 477, 406 N.E.2d 178 (1980); *Bondu v. Gurvich*, 473 So.2d 1307 (Fla.Dist.Ct.App.1984).

2. Colorado law recognizes alleged "spoliation of evidence" as a rule of evidence, rather than a claim for relief. It raises a presumption that the evidence would have been unfavorable to the party allegedly responsible for destruction or suppression of the evidence. The presumption is rebuttable and constitutes a question of fact. *See Richardson v. Richardson*, 124 Colo. 240, 236 P.2d 121, 127 (1951); *see also Schmidt v. Ford Motor Co.*, 112 F.R.D. 216, 217–21 (D.Colo.1986) wherein I discussed other methods of dealing with spoliation and misconduct by counsel.

3. Plaintiffs request, in the event of a denial of their motion to amend, that I "certify the issue of spoliation of evidence to the Colorado Supreme

Court pursuant to Colorado Rules of Appellate Procedure 21.1." (Reply Br. Pls.' Mot. Leave File First Am.Compl. at 5.) This rule is modelled on Section 1 of the Uniform Certification of Questions of Law Act, 12 U.L.A. 52 (1967). The rule permits certification "if there is involved in any proceeding before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court." Colo.R.App.P. 21.1.

There are various interpretations of the language "may be determinative" in the rule. *See* Ira P. Bobbins, *The Uniform Certification of Questions of Law Act: A Proposal for Reform*, 18 J.Legis 127 1992. However, the generally accepted view is that "one answer the responding court gives will terminate the case, while another will not." *Id.* Because no answer to the proposed question would terminate this case, I decline to certify.

**166**

ent Colorado counsel obtained control of the case, they offered to stipulate to amend the pleadings. This contention about "control of the case" is simply unacceptable. A lawyer is an officer of the court not a mindless minion or factotum or surrogate of some absentee merchant of choses in action. If indeed a lawyer signs pleadings he is responsible for them. The concept of "local counsel" having something less than the full authority and responsibility of an attorney of record is a lawyer generated myth created for commercial purposes. It has no place at all in our jurisprudence.

Nova Guides does not allege any prejudice through Plaintiffs' delay in asserting this claim. "Delay that is neither intended to harass nor causes any ascertainable prejudice is not a permissible reason, in and of itself, to disallow an amendment." *Tefft v. Seward,* 689 F.2d 637, 640 n. 2 (6th Cir.1982); *see* 6 Charles A. Wright et al., *Federal Practice and Procedure* § 1488 ("In most cases, delay alone is not a sufficient reason for denying leave.... If no prejudice is found, the amendment will be allowed.") The reasons given for Plaintiffs' delay are wholly inadequate. In the absence, however of an assertion of prejudice based on the delay, no reason need be considered.

Nova Guides further argues the allegations in paragraph 19(a–e) of Plaintiff's first amended complaint do not rise to the level of willful and wanton negligence and Plaintiffs should therefore not be allowed to assert the claim. "Willful and wanton conduct" is defined as "an act or omission purposefully committed by a person who must have realized that the conduct was dangerous, and which conduct was done heedlessly and recklessly, either without regard to the consequences, or without regard to the rights and safety of others, particularly the plaintiff." *Colorado Jury Instructions Civil,* § 9.32 (3d ed. 1988). Whether Plaintiffs can prove such is a matter to be determined. They may, however, place the allegation in issue. Therefore, the motion to amend is granted with regard to this claim.

### IV. *Conclusion.*

For the aforesaid reasons, I grant Plaintiffs' motion for leave to file a first amended complaint with regard to the claims based on negligent hiring and retention and willful and wanton negligence. I deny the motion insofar as it seeks to introduce claims for intentional and negligent interference with prospective economic advantage.