Steve C. SUMLER, Petitioner,

v.

The DISTRICT COURT, CITY AND COUNTY OF DENVER, and The Honorable Edward A. Simons, Respondents.

No. 94SA193.

Supreme Court of Colorado,
En Banc.

Jan. 30, 1995.

Nathan Davidovich & Associates, Nathan Davidovich, Steven W. Moore, Denver, for petitioner.

Kirkland & Ellis, Bruce A. Featherstone, Daniel K. Frey, Denver, for Camp Coast to Coast, Inc.

Justice ERICKSON delivered the Opinion of the Court.

This is an original proceeding in the nature of mandamus, pursuant to C.A.R. 21, which seeks to reinstate a default judgment obtained by the plaintiff, Steve C. Sumler, against the defendant, Camp Coast to Coast, Inc., and to vacate an order for a trial on the merits.[1] We issued a rule to show cause and now discharge the rule.

## I

In September 1992, the plaintiff brought a civil action for damages against the defendant for wrongful termination of employment in the District Court for the City and County of Denver.[2] Both parties

---

1. The parties are identified in this opinion as they appeared in the trial court. The defendant, Camp Coast to Coast, Inc., asserts in its answer to the rule to show cause that the gross negligence of its former counsel required Judge Edward A. Simons to set aside the default judgment and to order a trial on the merits. The former lawyer for Camp Coast to Coast is not a party in this action, and his name will not be disclosed. The lawyer will be referred to as "John Doe."

2. The trial transcript is not part of the record in this original proceeding. A number of documents were submitted by counsel together with a statement of material facts that was prepared by defense counsel. The orders entered in the district court relating to the motions, pleadings, requests for discovery, and the sanctions imposed for failure to comply with the discovery orders are in the record.

We are limited in our review by the materials submitted by the parties to this original proceeding. A number of self-serving affidavits from officers and representatives of the defendant have been filed. The pleadings and affidavits prepared by the defendant's former counsel, John Doe, are inconsistent with later affidavits and allegations made by the defendant relating to Doe's failure to provide information about his handling of the case. A letter from Doe, describing the acts he performed in connection with his representation of the defendant, was redacted from the record by current defense counsel, who asserted that the attorney-client privilege justified the withdrawal of the exhibit.

In the context of an original proceeding, it is the responsibility of a petitioner to provide us with a record to substantiate the claim. *People v. District Court*, 636 P.2d 689, 691 (1981). *See also Sherman v. District Court*, 637 P.2d 378, 381 (1981) (remanding to trial court for further proceedings due to the "absence of a record"); *Hunter v. District Court*, 193 Colo. 308, 309, 565 P.2d 942, 943 (1977) (discharging a rule to show cause as improvidently granted due to the "skeleton record" presented to the court).

were represented by counsel. The case was assigned to Denver District Judge Robert S. Hyatt in the civil division.

The plaintiff submitted interrogatories to the defendant in November 1992. In March 1993, after the defendant failed to answer the interrogatories, the plaintiff filed a motion to compel discovery. John Doe did not submit a response on behalf of defendant to the plaintiff's motion. On April 19, 1993, Judge Hyatt granted the plaintiff's motion to compel discovery, and ordered the defendant to comply within ten days after receipt of the order. John Doe did not notify the defendant of the order and did not comply with the order for discovery. The plaintiff filed a C.R.C.P. 37 motion for sanctions.[3]

The defendant was not advised of the motion for sanctions and John Doe neither complied with the discovery order nor responded to the motion for sanctions, and failed to file the disclosure certificate required by C.R.C.P. 16(a).[4] On May 11, 1993, Judge Hyatt ordered:

Accordingly, Defendant's Counterclaim is dismissed and judgment is entered in favor of Plaintiff and against Defendant as to liability under the first through sixth claims for relief of the Complaint. Judgment will be rendered following a hearing to determine the proper amount of damages. C.R.C.P. Rule 37(b)(2)(C).

Further, Plaintiff is awarded attorney's fees and costs for time spent in preparation of the Motion for Sanctions.

On May 19, 1993, John Doe filed a motion to set aside the default entered against the defendant based upon a general allegation of mistake, inadvertence, and excusable neglect. The motion did not specify whether relief

was sought under C.R.C.P. 55(c) or C.R.C.P. 60(b), but relied on the construction of C.R.C.P. 60(b) in *Petrini v. Sidwell*, 38 Colo. App. 454, 558 P.2d 447 (1976). The motion alleged that:

Pursuant to request of Defendant, this counsel [John Doe] participated on behalf of certain officers and employees of the company in negotiating termination benefits. Counsel discussed the fact that there may be a conflict for counsel in representing both the company and the resigning officers at the same time. Accordingly, this counsel ceased work on certain lawsuits that were pending including the above lawsuit and intended to pick up that work again after issues had been resolved with departing employees.

John Doe supported the defense motion with an affidavit which averred that:

3. During the time that we were attempting to obtain this information, i.e. the first few months of 1993, there occurred a major reorganization of the company which resulted in transfer, dismissal and resignation of many officers and employees. Some of these officers and employees were individuals that the undersigned had worked with as a part of my relationship with [the defendant].

. . . .

5. The undersigned was asked to represent some of the departing officers and employees in these negotiations with the company. I advised the company and these officers and employees that I would have a conflict in representing both the company and the employees during such negotiations. The company elected to

---

3. C.R.C.P. 37(b) states in relevant part:

(2) **Party Deponents—Sanctions by Court.** If a party : .. fails to obey an order to provide or permit discovery, including an order made under section (a) of this Rule [motion compelling discovery] . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

. . . .

(C) An order . . . dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party; . . . .

C.R.C.P. 37(b)(2)(C).

4. C.R.C.P. 16(a) provided in relevant part:

**Disclosure.** In every action each party shall file with the court and serve on all other parties . . . a Disclosure Certificate. . . . The Disclosure Certificate shall be served and filed within one hundred eighty days after the case is at issue but no later than ninety days before trial, whichever occurs first. A case shall be deemed "at issue" the tenth day after the last pleading permitted under C.R.C.P. 7 has been filed and served.

(Footnote omitted.)

waive any such conflict and requested that I continue these negotiations. . . .

On June 16, 1993, Judge Hyatt denied the defendant's motion to set aside the default. On September 7, 1993, John Doe filed a motion to reconsider the denial of the motion to set aside the default against the defendant based on the lack of evidence of defendant's willful or intentional violation of the court's rules and orders. The motion to reconsider set forth facts that refuted the grounds asserted in John Doe's May 19, 1993, motion to set aside the default, and stated, "Defendant . . . was not responsible for the delay of providing Responses to Requests For Production of Documents and Interrogatories and should not suffer the brunt of the sanctions of this Court. The fault lies with Defendant's counsel." [5] Judge Hyatt denied the motion to reconsider on September 28, 1993.

The hearing on damages was scheduled for September 1993. Judge Hyatt conducted the hearing, and heard testimony on September 10 and September 29, 1993. The defendant was represented by John Doe at the hearing. On October 21, 1993, a default judgment for the plaintiff was entered in the amount of $797,137 for compensatory damages, $5,000 as exemplary damages, $14,476 for attorney fees, and costs and interest. Judge Hyatt found that the defendant had engaged in the "repeated deliberate and willful disregard of the previous orders of th[e] Court and the Colorado Rules of Civil Procedure."

On November 5, 1993, John Doe met with corporate counsel for the defendant. According to the affidavits submitted by the defendant, John Doe disclosed his participation in the litigation which resulted in a default judgment against the defendant.[6] On January 1, 1994, Judge Hyatt was transferred from the civil division to the criminal division of the court, and was succeeded in the civil division by Judge Edward A. Simons.

The defendant obtained new counsel who entered an appearance on November 12, 1993, and filed a motion for relief from judgment and to set aside default judgment on January 18, 1994.[7] The January 18, 1994, motion to set aside the default judgment claimed:

1. . . . [D]efendant is entitled to relief pursuant to Rule 60(b) under the standards of *Buckmiller v. Safeway Stores, Inc.*, 727 P.2d 1112 (Colo.1986).

2. Defendant seeks relief from judgment pursuant to Rule 60(b) on grounds of excusable neglect. . . . Defendant never knew of, nor participated in, said misconduct. [John Doe's] misconduct amounted to gross negligence sufficient to constitute excusable neglect on the part of the defendant.

3. . . . [D]efendant has set forth factual averments which are more than sufficient to show the existence of meritorious defenses to the plaintiff's allegations.

4. . . . [T]he equities in this matter strongly favor setting aside the default judgment and allowing defendant to respond to the plaintiff's allegations in a trial on the merits.

The motion was supported by affidavits indicating that John Doe withheld material information from the defendant concerning the litigation, and that the defendant never knew of or participated in John Doe's failure to

---

5. Contrary to his assertions in the motion to set aside the default, John Doe's motion to reconsider claimed that the defendant was not to blame for the delayed completion of the interrogatories, and alleged, "There simply is no evidence in the record that Defendant . . . itself specifically directed counsel to delay providing Responses to Interrogatories and Requests for Production of Documents. Absent such proof, there is no evidence in this record of intentional or willful actions by this Defendant."

6. After meeting with John Doe on November 5, general counsel for the defendant set forth in an affidavit that:

[John Doe] stated that, prior to this meeting, he had not told anyone from the Company of any proceedings in this case since the previous January. He specifically stated that he had not told anyone about the entry of default judgment in May 1993, the hearing on damages or the entry of judgment in October 1993.

7. The defendant also filed (1) a motion for a new trial, or in the alternative to amend findings and to amend judgment pursuant to C.R.C.P. 59, and (2) a motion to vacate the June 16, 1993, payment of attorney's fees as to the defendant.

make or comply with the requests for discovery and for sanctions. The memorandum supporting the January 18, 1994, motion claimed that, "*at no time* did the [defendant] instruct [John Doe] to discontinue his representation in this case, or in any way limit [John Doe's] full and active representation of the [defendant] in this matter."

In an order dated March 17, 1994, Judge Simons vacated the October 21, 1993, default judgment and the May 11, 1993, default, and ordered a trial on the merits. The plaintiff filed a motion to reconsider, which Judge Simons denied on May 5, 1994. On May 11, 1994, pursuant to C.A.R. 21, plaintiff filed a petition for writ of prohibition and mandamus and a brief supporting the petition.[8]

The plaintiff contends that Judge Simons lacked jurisdiction to hear the January 18, 1994, motion to vacate the default judgment. Alternatively, the plaintiff asserts that even if Judge Simons had jurisdiction, Judge Simons abused his discretion by vacating the default judgment. Based upon the record before us, we disagree.

## II

### Jurisdiction

#### A

■ The plaintiff contends that Judge Simons lacked jurisdiction to determine the defendant's motion to set aside the default judgment entered by Judge Hyatt. We disagree. A second district court judge may rule on a matter that was previously ruled upon by another judge of the same district if

"[s]ufficient new facts [are] alleged in the second motion to allow the second judge to enter a different ruling than that of the first judge, in the same manner that judge could have, had he been apprised of the new facts." *Jouflas v. Wyatt*, 646 P.2d 946, 947 (Colo. App.1982); *see Moon v. Platte Valley Bank*, 634 P.2d 1036, 1037 (Colo.App.1981).[9] A successor judge may vacate a default judgment when the original judge would have had an adequate legal basis to do so. *Sunshine v. Robinson*, 168 Colo. 409, 414–15, 451 P.2d 757, 760 (1969).

The January 18, 1994, motions are factually and legally different from the motion brought before Judge Hyatt on May 19, 1993, to set aside the default and the September 7, 1993, motion to reconsider. Because the grounds for relief asserted in the January 18, 1994, motions differed from those in the motions before Judge Hyatt, Judge Simons had jurisdiction to consider the motions to set aside the default judgment and the default.[10]

#### B

■ The plaintiff also claims that the motion to set aside the default judgment was not timely filed. We do not agree. C.R.C.P. 60(b) provides the procedure for setting aside a default judgment and states:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a *final judgment, order, or proceeding* for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect; (2) fraud ... misrepresentation, or other miscon-

---

8. C.A.R. 21 states in relevant part:
   (a) **Writs Under Constitution.** This Rule applies only to the original jurisdiction of the Supreme Court to issue writs as provided in Section 3 of Article VI of the Colorado Constitution as amended.... Relief in the nature of prohibition may be sought ... where the district court is proceeding without or in excess of its jurisdiction....
   C.A.R. 21(a).

9. *See also State v. Lamper*, 779 P.2d 1125, 1129 (Utah 1989) ("The general rule is that one judge may not redetermine a previous ruling made by another judge in the same case.... However, if relevant circumstances change in the intervening period, the second judge may then reexamine the earlier ruling."); *Lemons v. Superior Court*, 141 Ariz. 502, 687 P.2d 1257, 1259 (1984) ("The

general rule ... is that a trial court should not reconsider a motion already decided by another superior court judge unless new circumstances are demonstrated by the movant.").

10. In a May 5, 1994, order Judge Simons stated, "The Court has not ruled contrary to Judge Hyatt's rulings. The legal and factual issues before Judge Hyatt were different from the legal and factual issues presented in Defendant's current motions to set aside."

Judge Hyatt ruled on challenges to the default entered on May 11, 1993. The January 18, 1994, motion before Judge Simons, however, was the first challenge to the default judgment entered on October 21, 1993.

duct of an adverse party.... The motion shall be made *within a reasonable time,* and for reasons (1) and (2) *not more than six months after the judgment, order, or proceeding was entered or taken.*

C.R.C.P. 60(b) (emphasis added). Rule 60(b) provides a method for obtaining relief from a final judgment, order, or proceeding not more than six months after a final judgment is entered. The first question to be addressed is when a final judgment was entered against the defendant.

█ A final judgment determines the rights of the parties involved. *Mission Viejo Co. v. Willows Water Dist.,* 818 P.2d 254, 258 (Colo.1991). "To constitute a final judgment the trial court's ruling must dispose of the entire litigation on the merits, and leave the court nothing to do but execute the judgment." *Id.* (citing *Kempter v. Hurd,* 713 P.2d 1274, 1277 (Colo.1986)). When a default has been entered but damages have not been proven, there can be no final judgment. *Kwik Way Stores Inc. v. Caldwell,* 709 P.2d 36, 38 (Colo.App.1985) *rev'd on other grounds,* 745 P.2d 672 (Colo.1987); *see Valdez v. Sams,* 134 Colo. 488, 307 P.2d 189 (1957).

The default judgment entered on October 21, 1993, after the hearing on damages, was a final judgment because it left the court with nothing to do but execute upon the judgment. Accordingly, a Rule 60(b) motion to set aside the default judgment could be made within six months after October 21, 1993. The January 18, 1994, motion to set aside the default judgment was timely filed.

11. On May 11, 1993, Judge Hyatt entered a default against the defendant, which stated, "Judgment will be rendered following a hearing to determine the proper amount of damages." The order is an entry of default and not a default judgment because the court postponed the entry of judgment until a hearing could be held on damages.

12. In *Kwik Way Stores, Inc.,* the court of appeals stated that, "[a]n entry of default in a claim for unliquidated damages admits only the non-defaulting party's rights to recover, not the amount of damages." *Kwik Way Stores, Inc.,* 709 P.2d at 37.

In affirming the court of appeals in part, we stated, "When a trial court determines that entry

After Judge Simons determined that the motion to set aside the default judgment was timely filed, he set aside the default judgment, which left the default outstanding. Although Judge Hyatt entered a default on May 11, 1993, he expressly postponed the entry of judgment until a hearing was held on damages. Since damages were not determined until October 21, 1993, the default was not a final judgment.[11]

"Rule 55(c) properly makes a distinction between relief from a default, which involves an interlocutory matter, and relief from a judgment by default, which involves final judicial action." 6 James Wm. Moore, *Moore's Federal Practice,* ¶ 55.10 at 55–67 (2d ed. 1994). Damages must be determined before an entry of default can become a default judgment. 10 Charles A. Wright et al., *Federal Practice and Procedure* § 2682 (2d ed. 1983).[12] In his March 17, 1994, order, Judge Simons set aside the entry of default, and said: "[A]s a matter of law ... the six month limitation [of Rule 60(b) ] does not apply to the entry of default, but only to the entry of default judgment."[13]

### III

### Abuse of Discretion

█ Judge Simons did not abuse his discretion in setting aside the default judgment and the default and in ordering a trial on the merits. The primary goal of the trial judge in ruling on a motion to set aside a default judgment is to achieve substantial justice. *Craig v. Rider,* 651 P.2d 397, 401 (Colo.1982). In a motion to set aside a de-

of default judgment is the appropriate sanction, the default establishes liability ... but does not fix the amount of damages...." *Kwik Way Stores, Inc. v. Caldwell,* 745 P.2d 672, 678–79 (Colo.1987).

13. Rule 55(c) provides the procedure for setting aside an entry of default, and contains no time limit within which to bring a motion to set aside an entry of default. *Jarnagin v. Busby, Inc.,* 867 P.2d 63, 69 (Colo.App.1993). Rule 55(c) provides:

For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b). C.R.C.P. 55(c).

fault judgment or an entry of default, the movant bears the burden of proving the grounds for relief by clear, strong, and satisfactory proof. *Buckmiller v. Safeway Stores, Inc.*, 727 P.2d 1112, 1116 (Colo.1986); *Craig*, 651 P.2d at 402 (citing *Riss v. Air Rental, Inc.*, 136 Colo. 216, 218, 315 P.2d 820, 821 (1957)). In setting aside a default judgment on the basis of excusable neglect, the trial court must determine: (1) whether the neglect causing the default was excusable; (2) whether the movant has alleged a meritorious defense; and (3) whether relief from the order would be equitable.[14] *Craig*, 651 P.2d at 402. Because "[r]esolution of disputes on their merits is favored," the criteria for vacating a default judgment should be liberally construed in favor of the movant, especially when the motion is promptly made. *Id.*

The decision to set aside a default judgment or an entry of default is left to the sound discretion of the district court. *Snow v. District Court*, 194 Colo. 335, 337, 572 P.2d 475, 476 (1977); *Craig*, 651 P.2d at 402. A district court's ruling setting aside a default will not be disturbed unless the record reflects a clear abuse of discretion. *Tyler v. Adams County Dep't of Social Servs.*, 697 P.2d 29, 31 (Colo.1985); *see Credit Investment & Loan Co. v. Guaranty Bank & Trust Co.*, 166 Colo. 471, 444 P.2d 633 (1968).

### A

Judge Simons did not abuse his discretion in setting aside the October 21, 1993, default judgment. After considering the evidence, Judge Simons found that John Doe was guilty of gross negligence in representing the defendant. John Doe's gross negligence could not be imputed to the defendant.

*Buckmiller*, 727 P.2d at 1116; *see Dudley v. Keller*, 33 Colo.App. 320, 521 P.2d 175 (1974). Accordingly, the gross negligence causing the default judgment was excusable.[15] Judge Simons also found that the defendant had alleged a meritorious defense by presenting "facts which, if proven, would alter the judgment entered." *Temple v. Miller*, 30 Colo.App. 49, 52, 488 P.2d 252, 254 (1971). In addressing the equitable criteria set out in *Craig*, Judge Simons found that equity weighed in favor of setting aside the default judgment because the defendant's motions were promptly filed and prejudice to the plaintiff was minimal. *See Buckmiller*, 727 P.2d at 1116.

### B

In setting aside the entry of default, Judge Simons stated:

Therefore, the standard for the court to apply in determining whether to set aside [an] entry of default is if the movant shows good cause. The gross negligence of an attorney may constitute the requisite good cause. *See, e.g., Trujillo v. Industrial Comm'n of the State of Colorado*, 648 P.2d 1094 (Colo.App.1982) (negligence of an attorney generally constitutes "good cause shown" for setting aside a default under C.R.C.P. 55(c)).

The court finds as a matter of law that the alleged gross negligence of Defendant's previous counsel constitutes "good cause shown" for setting aside the default. The May 11, 1993 entry of default is hereby set aside.

The procedure for setting aside a default under C.R.C.P. 55(c) is similar to the proce-

---

**14.** "[A] trial court may deny a motion to set aside a default judgment for failure to satisfy any one of the three criteria of *Craig.*" *Buckmiller*, 727 P.2d at 1116. In *Buckmiller*, we adopted the balancing test rejected by this court in *Craig*, and required a trial court to consider each of the *Craig* criteria.

**15.** Affidavits submitted by the defendant averred that John Doe: failed to respond to the plaintiff's interrogatories, even though the defendant had provided John Doe with the information and documents to respond; failed to advise the defendant that the plaintiff had moved to compel responses, and failed to respond to the motion to

compel discovery; failed to inform the defendant that he had failed to file a disclosure certificate; failed to advise the defendant of the May 11, 1993, default; failed to notify the defendant of the damages hearing in September 1993; and failed to advise the defendant that, on October 21, 1993, the court entered default judgment against the defendant.

The only evidence to contradict the defendant's affidavits is a letter written by John Doe, describing his representation of the defendant. The letter was subsequently redacted from the record by the defendant's current counsel.

dure for setting aside a default judgment pursuant to C.R.C.P. 60(b).

In *Buckmiller,* we stated that:

> [A] motion to set aside a default under C.R.C.P. 55(c) and a motion to vacate a judgment under C.R.C.P. 60(b) on the basis of excusable neglect are sufficiently analogous to justify the application of the same standards to either motion. We accordingly make explicit what is implicit in *Craig* and adopt the same three criteria as the [applicable] legal standard. . . .

*Buckmiller,* 727 P.2d at 1116 (citations omitted); *see also Jarnagin,* 867 P.2d at 69.[16]

Based upon the record before us, Judge Simons did not abuse his discretion in setting aside the default judgment of October 21, 1993, and the entry of default of May 11, 1993.

### IV

### Sanctions

### A

On June 16, 1993, Judge Hyatt ordered payment of attorney's fees and costs in connection with the plaintiff's motion to compel discovery and the motion for sanctions. The orders were entered jointly against the defendant and John Doe. Judge Simons did not vacate the imposition of sanctions, fees, and costs against John Doe. Judge Simons' order regarding sanctions has not been appealed, and remains in full force and effect.[17] John Doe is not a party in this proceeding.

### B

Judge Hyatt dismissed the defendant's counterclaim when default was entered on May 11, 1993. The counterclaim was not subsequently reinstated by either Judge Hyatt or Judge Simons, and is not before us for review.

### V

Judge Simons had subject matter jurisdiction to rule on the motion to set aside the October 21, 1993, default judgment and the May 11, 1993, entry of default. Judge Simons did not abuse his discretion in setting aside the default judgment and the entry of default in his order of March 17, 1994. Accordingly, the rule to show cause is discharged.

16. Although Rule 55(c) has no time limit within which a motion to set aside an entry of default must be filed, equity requires that a motion to set aside an entry of default be promptly filed. Judge Hyatt entered a default against the defendant on May 11, 1993. The defendant made several attempts to set aside the entry of default, including its motion of January 18, 1994. The defendant's motion to set aside the entry of default was promptly filed, and does not offend equitable considerations.

Judge Simons did not expressly address the *Craig* criteria in setting aside the default. The setting aside of the default for good cause, following the prior application of the *Craig* factors to the default judgment, was not an abuse of discretion.

17. The award of exemplary damages against the defendant in Judge Hyatt's default judgment is subsumed in the default judgment, and was vacated by Judge Simons' March 17, 1994, order.