## No. 18,175.

### MABLE SANFORD MANNING *v.* GEORGE W. MANNING.
(317 P. [2d] 329)

Decided November 4, 1957.

Mr. GEORGE H. LERG, Mr. W. T. MOYERS, for plaintiff in error.

Mr. H. ALLYN HICKS, JR., Mr. THOMAS A. BARNES, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE MOORE delivered the opinion of the Court.

WE will refer to plaintiff in error as plaintiff or the wife, and to defendant in error as defendant or the husband.

The wife brought an action for separate maintenance. She alleged that the husband had been guilty of acts of mental and physical cruelty since their marriage, and that she was without funds with which to support herself or with which to pay her attorneys. She asked for alimony, temporary support money, attorneys' fees and a division of property. She further alleged that defendant had an income of $362.00 a month and was the owner of an apartment house in Denver. In compliance with a rule of the trial court she filed her sworn statement of assets showing that except for an automobile, the ownership of which was disputed by the husband, she was without assets or means of livelihood. She also asserted that prior to her marriage to defendant she was the owner of a business in Chicago, Illinois, and was making a good living, but was persuaded by defendant to give up the business and move to Denver.

Defendant paid $100.00 to apply on the wife's attorneys' fees, as ordered by the court. In his answer and counterclaim he admitted a total income of $362.00 a month and ownership of the apartment house. He further alleged that after the complaint was filed plaintiff returned to Chicago where she has since remained.

Counsel for the husband filed a motion to dismiss the complaint on the ground that the wife had failed to respond to a notice for her deposition to be taken. This motion was set for hearing September 4, 1956. Counsel also claimed that a notice was mailed to plaintiff's attorney to appear for taking her deposition June 25, 1956. Counsel for plaintiff denied receipt of said notice and stated that the address to which it was mailed was not the address of either of the attorneys for the wife, and that the first knowledge they had of the attempt to take the deposition was the service upon them of the motion to dismiss.

The trial court denied the motion to dismiss and on its own motion ordered plaintiff to appear for taking of her deposition on September 24, 1956. Her attorneys thereupon moved that the husband be required to pay her expenses from Chicago to Denver for the reason that she was without resources of her own. The motion was denied.

September 10, 1956, the wife filed her motion for taking the deposition of defendant at the same time and place ordered for the taking of her own. She also requested the entry of an order that defendant be required to pay the expense therefor. September 11, plaintiff filed her motion asking that defendant be required to file his statement of assets. These motions were denied.

September 24, at the time set for taking the deposition of the wife, her counsel appeared and made the following statement:

"Let the record show that the plaintiff is unable to attend the taking of the deposition for the reason that she is financially unable to pay her expenses to Denver."

October 1, 1956, counsel for the husband filed a motion to dismiss plaintiff's complaint, on the ground that she had failed to appear for the taking of her deposition, and on the further ground that she had filed a lis pendens against the husband's property and had left the jurisdiction of the court. October 2, 1956, one day after the motion to dismiss was filed it was granted, and plaintiff's complaint was dismissed. The wife seeks review of the judgment of dismissal by writ of error.

Question to be Determined.

*Under the circumstances hereinabove set forth, did the trial court err in dismissing plaintiff's complaint?*

The question is answered in the affirmative. It is argued by counsel for the husband that the judgment of dismissal was proper under the provisions of Rule 37 (d) R.C.P. Colo., which provides in pertinent part that:

"If a party * * * wilfully fails to appear before the officer who is to take his deposition, after being served with proper notice, * * * the court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or enter a judgment by default against the party."

The court should not resort to the drastic action of dismissing the complaint of a plaintiff for failure to appear for a deposition in the absence of a clear showing that such party "wilfully fails" to respond. The record in this case does not disclose any such "wilful" failure of the wife to appear for the taking of her deposition as would justify the trial court in dismissing her action. In this type of case there are procedures available to the defendant by way of interrogatories and requests for admissions which afford protection against surprise. We do not mean to hold that the defendant must proceed to trial without the deposition. If a certain time is fixed for trial of the action, the trial court should order the deposition to be taken a few days in advance thereof, and thus but one trip from Chicago to Denver would be involved. Counsel for the wife offered to have her appear a few days prior to the date of trial. It was error to dismiss her case under all these circumstances.

(2) Neither plaintiff nor defendant in an action between husband and wife should be permitted unnecessarily to harrass the other or to heap upon such other any extraordinary expense. If, in good faith, the husband desires the deposition of the wife before trial he should have it, but not at a time and place which could mean the expense of an extra trip from Chicago to Denver which would have to be advanced by the wife, when the only showing in the record is that she is without funds available for that journey. Having brought the action in Denver the wife cannot avoid trial on the

merits in Denver. A deposition taken shortly prior to the trial will adequately serve the ends of justice.

The judgment is reversed and cause remanded with directions to reinstate the complaint of plaintiff, and for further proceedings in accordance with the views herein expressed.

MR. JUSTICE KNAUSS not participating.