## No. 20927.

## E. & E. BONDING COMPANY AND THE WABASH FIRE AND CASUALTY INSURANCE COMPANY *v.* THE PEOPLE OF THE STATE OF COLORADO.
### (415 P.2d 860)

Decided June 27, 1966.

186

ANDREWS and KANE, GAUNT, BYRNE and DIRRIM, for plaintiffs in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JAMES W. CREAMER, JR., Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

PLAINTIFFS in error, E. & E. Bonding Company and the Wabash Fire and Casualty Insurance Company, were the defendants below and will be referred to hereinafter as the sureties. Defendant in error, the People of the State of Colorado, will be referred to as the People.

One Schoengarth was charged with the crimes of forgery, forgery by fictitious check and confidence game. The amount of bail was set at $4,500, and the sureties posted a bail bond in this amount with Schoengarth as principal.

The criminal charges against Schoengarth were tried to a jury in Division B of the Adams County District Court, and verdicts of guilty were returned. While the jury was deliberating, Schoengarth, apparently having a premonition of the result, escaped and fled the jurisdiction. As a result of the escape, the judge presiding over the criminal action directed the District Attorney to *prepare* forfeiture proceedings against the sureties on their bond. The court made this direction without in fact declaring the bond forfeited.

Although the procedure relevant to the forfeiture of criminal bonds is governed by statute and the Rules of Criminal Procedure, the District Attorney chose instead to file a complaint in the nature of debt against the sureties on their bond. The complaint was given a civil action number and was then assigned to a division of the District Court other than that division which heard the criminal action. Process was served upon the sureties.

In the meantime, however, the court which presided over Schoengarth's trial in the criminal action had information that Schoengarth was incarcerated in California and would soon be extradited to Colorado. It thereupon ordered and advised the sureties to withhold all pleading and action with regard to the complaint which had been filed against them. Since no responsive pleading to the complaint had been filed in the division where the civil action was lodged, the judge in that division entered a default against the sureties.

Counsel for the sureties promptly, and on the same day of the entry of the default and judgment, moved to vacate and set aside the default and judgment which had been entered. In their motion and tendered answer,

the sureties set out the defense that the complaint failed to state a claim upon which relief could be granted. In this regard, the sureties sought to show that the bond was never declared forfeited — only that forfeiture proceedings were ordered to be prepared — and that if the bond was not forfeited, judgment on a debt resulting from a forfeiture could not be obtained. Moreover, and primarily, the sureties sought to establish that the remedy sought in behalf of the People was improper.

The trial court denied the sureties' motion to vacate the judgment. They urge as grounds for reversal that forfeiture proceedings for criminal bonds are governed exclusively by C.R.S. '53, 39-2-18 and Rule 46, Colo. R. Crim. P.; and since the procedure followed in this case was not in compliance with that statute and the aforementioned Rule, the judgment entered against them was manifestly invalid and the court abused its discretion in failing to vacate the judgment. We are in agreement with the contentions made in behalf of the sureties.

We have often enunciated the principle that the granting or denial of an application to vacate a default rests, of course, within the sound discretion of the trial court. It must determine whether the failure to file a responsive pleading was attended by such circumstances as to constitute good cause or excusable neglect.

Here, the sureties accompanied the motion with an affidavit of the trial judge in the criminal action which stated that he ordered the sureties not to respond or take any action on the civil complaint filed against them. For this reason, the sureties did not respond to the complaint. This certainly established good cause for their failure to file a responsive pleading. The trial court held that good cause or excusable neglect, however, does not, standing alone, justify setting aside the default, since a meritorious defense must be interposed as well. In this ruling it was correct. *Orebaugh v. Doskocil*, 145 Colo. 484, 359 P.2d 671. It then held that, in its opinion,

no meritorious defense was presented and that, therefore, the default would not be set aside.

The issue thus narrows itself to a determination of the merits of the defense tendered by the sureties that the complaint failed to state a claim in that the remedy sought by the People was improper since it was not in compliance with C.R.S. '53, 39-2-18, and the Rules of Criminal Procedure.

We have definitively stated that the method by which criminal bonds are forfeited and judgment entered thereon in this state is governed exclusively by the provisions of C.R.S. '53, 39-2-18 and Rule 46, Colo. R. Crim. P. *People v. Johnson,* 155 Colo. 392, 395 P.2d 19. See also, *Herbertson v. People,* decided by this Court on May 31, 1966.

In *Johnson, supra,* the Court was similarly concerned with the appropriate procedure pertaining to forfeiture of criminal bonds. It was there decided that following an order declaring a bond forfeited, the District Attorney should promptly file a complaint or petition setting forth facts showing the People's right to recover on the bond. Thereupon the court should issue a citation or other process in the nature of scire facias, as provided in C.R.S. '53, 39-2-18, and Rule 46, Colo. R. Crim. P. ordering the surety to show cause why judgment should not be entered against him.

In the present case, no order was ever entered by the trial court in the criminal case declaring the bond forfeited nor was a citation or other process in the nature of scire facias issued as provided in C.R.S. '53, 39-2-18 and Rule 46, Colo. R. Crim. P. From this it follows that the defense that the complaint failed to state a claim upon which relief could be granted was good. Furthermore, since a meritorious defense sufficient to defeat the action had been interposed by the sureties within a reasonable time after the entry of the default and the judgment entered thereon, and since they showed good cause for their failure to file an an-

swer to the civil action, the conclusion is inescapable that the trial court, under the circumstances present, erred in refusing to vacate the default and the judgment thereon. *Walker v. Associates Loan Co.,* 153 Colo. 261, 385 P.2d 421. The fact that in a scire facias proceeding the same result might be reached does not justify the procedure which the District Attorney took here to enforce the obligations of the bond.

The judgment is reversed and cause remanded for proceedings consonant with the views expressed herein.

MR. CHIEF JUSTICE SUTTON and MR. JUSTICE MCWILLIAMS concur.