558 P.2d 444 (1976)
Paul BRAXTON, Plaintiff-Appellant,
v.
Morris L. LUFF, Defendant-Appellee.
No. 75-744.
Colorado Court of Appeals, Div. I.
December 16, 1976.
*445 William E. Tucker, Denver, for plaintiff-appellant.
White & Steele, P. C., R. Eric Peterson, Denver, for defendant-appellee.
ENOCH, Judge.
Plaintiff Paul Braxton appeals from a judgment dismissing his personal injury action for failure to appear for a medical examination. We affirm.
In January 1973, Braxton sued defendant to recover damages for personal injuries allegedly suffered by plaintiff in an automobile accident. On January 20, 1974, defendant filed a "Motion to Dismiss or in the Alternative for Continuance," based on Braxton's repeated failure to appear for a physical examination by defendant's doctor. On June 24, 1975, the court ordered Braxton to submit to a physical examination by July 3, 1975, or suffer dismissal of his claim. This deadline was extended to the end of July, upon motion of Braxton's attorney, because Braxton was in a hospital in Nebraska, and was extended further by agreement of the parties after defendant's doctor refused to set up another appointment because of plaintiff's failure to keep previous appointments. An examination was then scheduled with another physician for August 18, 1975. After Braxton failed to appear for that examination, defendant filed a motion to dismiss the action for failure to complete discovery. Notice was given and a hearing held on September 18, 1975, at which time the court granted defendant's motion. This appeal followed.
Braxton claims that it was error to have dismissed his complaint as no motion or order for a physical examination complying with C.R.C.P. 35(a) had ever been issued. C.R.C.P. 35(a) provides:
When the mental or physical condition. . . of a party . . . is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a physician . . .. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.
While it is true that the motion of January 20 did not expressly ask for an order to compel discovery, it is clear that the motion was intended to enable defendant to secure an examination of Braxton before trial. It is also clear that the trial court treated the motion as one for an order to compel the examination, and that Braxton had sufficient notice, as required by C.R. C.P. 35(a), of the subject matter of the motion to present his position, which was in fact presented in a letter from his attorney to the court.
Braxton also claims that the requirements of C.R.C.P. 35(a) were not met because defendant failed to establish that Braxton's physical condition was in controversy, or that there was good cause for entry of an order. The court in Schlagenhauf v. Holder, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152, interpreting Fed.Rule Civ. *446 Proc. 35(a), which is essentially identical to the Colorado rule, noted:
Of course, there are situations where the pleadings alone are sufficient to meet [the "in-controversy" and "good cause"] requirements. A plaintiff in a negligence action who asserts mental or physical injury . . . places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury.
Braxton, in his complaint, alleged that injuries suffered in the collision resulted in past and future medical expenses, loss of time from work, pain and suffering, and other impairment. This allegation was sufficient to place Braxton's physical condition in controversy and give defendant good cause for an order to submit to a physical examination. Further, defendant did allege the necessity of the examination in his motion. Irregularities in the formalities leading to the order did not prejudice Braxton and the order was properly granted.
Braxton further complains that the order was defective because it did not specify the "time, place, manner, conditions, and scope of the examination" as required by C.R.C.P. 35(a). The court did specify the date by which the examination had to be made, and specified the physician who was to make the examination. Braxton raised no objection to being subjected to a physical examination, to the scope of the examination, or to the doctor who was to perform the examination. The court was aware that the parties had been working together to schedule an examination, and there is no evidence that Braxton was misled, or prejudiced because the order did not set forth all the details of the examination. Hence, we hold that there was substantial compliance with C.R.C.P. 35(a).
Braxton finally argues that even if it was proper to impose sanctions, under C.R.C.P. 37(b)(2), dismissal of his complaint with prejudice was unjustly harsh and thus an abuse of discretion since the trial was not imminent.
C.R.C.P. 37(b)(2) provides:
If a party . . . fails to obey an order to provide or permit discovery, including an order made under . . . Rule 35, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
. . . . . .
(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party . . . .
While dismissal with prejudice is a drastic sanction that should be imposed only in extreme circumstances, Independent Productions Corp. v. Loew's, Inc., 283 F.2d 730 (2d Cir.), we find no abuse of discretion by the court under the facts of this case. Braxton missed at least six scheduled examinations by two different physicians. At no time did he object to an examination, seek to cancel or change the appointments, or offer any excuse for his failure to keep these appointments. Since defendant's claim was based entirely on the personal injuries he allegedly suffered, and since he repeatedly failed to appear for examination without giving any reason therefor, the trial court was justified in dismissing the case with prejudice.[1]See Mooney v. Central Motor Lines, Inc., 222 F.2d 569 (6th Cir.). Cf. Manning v. Manning, 136 Colo. 380, 317 P.2d 329; Reserve Life Insurance Co. v. District Court, 126 Colo. 217, 247 P.2d 903.
Judgment affirmed.
COYTE and STERNBERG, JJ., concur.
NOTES
[1] Petrini v. Sidwell, 558 P.2d 447, decided by this court this date concerns the interpretation of C.R.C.P. 37(d), as opposed to this opinion which relates to C.R.C.P. 37(b) (2).