David E. CALLAHAN, Plaintiff-Appellee,

v.

WADSWORTH LTD., a Limited Partnership, Kenneth R. Wanamaker, individually and as General Partner, and John Doe I and II, individually and as General Partners, Defendants-Appellants.

No. 81CA0565.

Colorado Court of Appeals, Div. II.

July 14, 1983.

Turner, Robinson & Mallon, P.C., V. James Robinson, Evergreen, for plaintiff-appellee.

Malman & Malman, P.C., Jerome S. Malman, David P. Solomon, Denver, for defendants-appellants.

KELLY, Judge.

Defendants appeal a default judgment entered by the district court resulting from the partnership's failure to comply with the court's order compelling discovery. The partnership argues that the district court was without authority to enter the default judgment since there was no specific finding that the partnership's failure to comply with the order was willful and in bad faith. We affirm.

Callahan is the payee and Wadsworth, the partnership, is the payor under a promissory note for the sum of $100,000. Callahan filed suit alleging default on payment of the note which called for periodic payments to be made, and provided that upon default Wadsworth would pay all reasonable costs of collection, including interest and reasonable attorney's fees.

On March 19, 1981, Callahan filed a "Motion to Compel Discovery" alleging failure to answer "Interrogatories and Requests for Production of Documents" which had been sent on February 2, 1981. The district court, in a pre-trial order on April 1, 1981, granted the motion to compel, giving Wadsworth until April 10, 1981, to comply with

the request for discovery. The district court stated that "if the Defendants do not comply with the discovery the Court shall issue sanctions pursuant to rule 37."

On April 16, 1981, Callahan filed a "Motion For Sanctions" pursuant to C.R.C.P. 37. Hearing on this motion was held on April 21, 1981, the same day on which Wadsworth filed responses to the interrogatories and produced some of the requested documents. The district court held that Wadsworth had failed to comply with the court's order to respond by April 10, and that the responses filed on April 21 were "totally inadequate. They don't supply the information which is available to the parties." Consequently, the court struck the defendants' answers and a default judgment was entered on behalf of Callahan for the amount of the note and interests and costs.

Wadsworth argues that the district court erroneously entered a default judgment against it since the court made no findings that the failure to comply was willful or in bad faith. Wadsworth cites *Petrini v. Sidwell*, 38 Colo.App. 454, 558 P.2d 447 (1976) as authority for the proposition that entry of a default judgment under C.R.C.P. 37(b)(2) requires a finding of willfulness or bad faith on the part of the disobedient party. *Petrini* is inapposite.

In *Braxton v. Luff*, 38 Colo.App. 451, 558 P.2d 444 (1976), we affirmed the dismissal of plaintiff's personal injury action under C.R.C.P. 37(b)(2) because of plaintiff's failure to appear for a medical examination under a district court order entered pursuant to C.R.C.P. 35(a). No requirement for willfulness or bad faith was imposed. *Petrini* was distinguished as involving interpretation of C.R.C.P. 37(d) rather than C.R.C.P. 37(b)(2). So here, the trial court order was properly entered under C.R.C.P. 37(b)(2) for failure to obey the order directing discovery.

The decision as to what sanction is appropriate for failure to comply with a court order is within the discretion of the district court, and we will not set that decision aside absent a showing of an abuse of discretion. *E & E Bonding Co. v. People*, 160 Colo. 185, 415 P.2d 860 (1966). In this case the record indicates that the district court did not abuse its discretion in entering the default judgment. The answers which were filed were untimely and unresponsive.

Wadsworth's argument concerning the consolidation of this case with another case in the trial court is not properly before us here, and the other arguments for reversal are also without merit.

The judgment is affirmed, and the cause is remanded to the trial court for determination and award of plaintiff's attorney's fees on appeal. *Hartman v. Freedman*, 197 Colo. 275, 591 P.2d 1318 (1979); *Zambruk v. Perlmutter 3rd Generation Builders, Inc.*, 32 Colo.App. 276, 510 P.2d 472 (1973).

PIERCE and TURSI, JJ., concur.