**Erroll E. McRILL and Virginia A. McIntire, Plaintiffs-Appellants,**

**v.**

**GUARANTY FEDERAL SAVINGS & LOAN ASSOCIATION OF ST. PETERSBURG, FLORIDA, and Transamerica Insurance Company, a California corporation, Defendants-Appellees.**

No. 82CA1353.

Colorado Court of Appeals, Div. IV.

March 1, 1984.

Rehearing Denied March 29, 1984.

Stephan A. Tisdel, Colorado Springs, for plaintiffs-appellants.

Michael Bromley, Colorado Springs, Dietze, Davis & Porter, Peter Dietze, Boulder, Cross, Gaddis, Kin & Quicksall, P.C., James W. Kin, Colorado Springs, for defendants-appellees.

SILVERSTEIN, Judge [*].

Plaintiffs appeal a judgment dismissing their complaint for failure to comply with the trial court's order compelling discovery. We affirm.

Plaintiffs initiated this action in June 1980 seeking various forms of relief relating to the purchase of a mobile home by plaintiffs from defendant Guaranty Federal Savings and Loan Association (Guaranty). The complaint was subsequently amended to include claims against defendant Transamerica Title Insurance Company (Transamerica) arising from the issuance of a title insurance policy in connection with the sale.

[*] Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

On July 16, 1982, Transamerica filed a motion to compel discovery, alleging that plaintiffs had failed to respond to the interrogatories, requests for production of documents, and requests for admissions jointly propounded by defendants and submitted to plaintiffs on June 9, 1982. The district court granted the motion, ordering that responses to all discovery requests be made by August 23, 1982, and stating that "should any answers not be filed on that day, the court will rule at the pretrial conference as to the appropriate sanctions to be applied."

At the August 27 pretrial conference, plaintiffs filed their answers to the interrogatories, but did not make the requested admissions or produce any documents. The trial court found that the answers to the interrogatories were deficient in that the plaintiffs' signatures were not properly verified, the objections to the specific interrogatories were not signed by the attorney making them, and the answers were filed four days late. The trial court further found that because plaintiffs had failed to obey the July 16 order there was "no appropriate sanction other than dismissal." The court made no findings concerning whether the failure to comply with the discovery request was willful or in bad faith.

On appeal, plaintiffs argue that the trial court erred in dismissing their claims since the trial court entered no findings that the failure to comply with discovery was willful or in bad faith. We disagree.

A finding of willfulness or bad faith is not a prerequisite to the sanction of dismissal under C.R.C.P. 37(b)(2). *Callahan v. Wadsworth, Ltd.,* 669 P.2d 141 (Colo.App.1983). The choice of the sanction appropriate for the failure to comply with the court order is within the discretion of the trial court. *E. & E. Bonding Co. v. People,* 160 Colo. 185, 415 P.2d 860 (1966). Since plaintiffs provided no timely or responsive answers to the discovery requests, we perceive no abuse of discretion

here. *See Braxton v. Luff,* 38 Colo.App. 451, 558 P.2d 444 (1976).

Judgment affirmed.

ENOCH, C.J., and HODGES,* Justice, concur.