**Dolores DANIELS and Charles Daniels,**
**Plaintiffs–Appellants,**

**v.**

**RAPCO FOAM, INC., a corporation; and**
**Scientific Applications Incorporated, a**
**corporation, Defendants–Appellees.**

No. 84CA1132.

Colorado Court of Appeals,
Div. IV.

April 28, 1988.

Rehearing Denied May 19, 1988.

Certiorari Denied Oct. 31, 1988.

LaFond & Evangelisti, John S. Evangelisti, Denver, for plaintiffs-appellants.

Susemihl, Lohman, Kent, Carlson & McDermott, Peter M. Susemihl, Colorado

Springs, for defendant-appellee Rapco Foam.

Melat & Pressman, Justin R. Melat, Colorado Springs, for defendant-appellee Scientific Applications, Inc.

CRISWELL, Judge.

Plaintiffs appeal from a judgment entered on a jury verdict in favor of the defendants, Rapco Foam, Inc. (Rapco), and Scientific Applications, Incorporated (Scientific). We reverse and remand for a new trial.

Rapco manufactured foam insulation containing formaldehyde. Scientific was its local distributor. A third defendant, Cellular Product Services, Inc. (Cellular), installed the product in plaintiffs' home. None of the defendants gave any warning to plaintiffs of the possible side effects that plaintiffs claimed the release of formaldehyde gas into the home environment could cause. This action was instituted after one of the plaintiffs allegedly developed various physical symptoms of formaldehyde poisoning.

In preparation for the pre-trial conference, the parties filed trial data certificates. Rapco's trial data certificate listed no formaldehyde expert.

By the time of the pre-trial conference on April 17, 1984, plaintiffs had settled their claims against Cellular, which took no part in that conference. At the pre-trial conference, the court authorized the remaining two defendants to designate additional witnesses within 15 days thereafter, the trial being set to commence on May 29, 1984.

On May 4, Rapco filed a formal witness and exhibit list, in which it endorsed an expert witness, who had previously been endorsed by Cellular. In addition, either on that date or at some later date, Rapco, by separate document, first advised plaintiffs that it might also call as a formaldehyde expert one Dr. Graham Allen. However, Rapco did not describe his qualifications, and the summary of his testimony consisted, in total, of the statement that he would "testify as an expert to formaldehyde poisoning and to dispute all of the allegations of the Plaintiff." No report from Dr. Allen was provided to plaintiffs

and there was no opportunity provided for Dr. Allen's deposition to be taken.

Sometime prior to the trial, plaintiffs had removed the formaldehyde insulation and replaced it with fiberglass. Shortly prior to trial, after this replacement, both the plaintiffs and the defendants tested the levels of formaldehyde in the home. The results were substantially divergent, with the defense testing achieving levels approaching four times the level found by plaintiffs' expert. Plaintiffs asserted that defendants' results were inaccurate because the test equipment operator lacked experience and qualifications.

At the time of trial, the only formaldehyde expert presented by the defense was Dr. Allen. Plaintiffs objected to any testimony from Dr. Allen, both before and during trial. They claimed that Dr. Allen's late endorsement without a detailed statement of his qualifications or of his expected testimony rendered effective cross-examination impossible. The court overruled these objections and allowed Dr. Allen's testimony.

Dr. Allen testified that fiberglass of the nature used by plaintiffs to replace the foam insulation is glued together with formaldehyde-based resin that gives off "a substantial amount of formaldehyde." Thus, his testimony supported the defense theory that plaintiff merely replaced one formaldehyde product with a new "emitter" and that this could account for the increased levels found when the defense had thereafter tested plaintiffs' home.

The record is conclusive that plaintiffs had not, prior to trial, been given any notice of the claim that fiberglass was a formaldehyde emitter. Thus, they argue that, as a consequence, they were not prepared to rebut that assertion. In conjunction with their motion for new trial, however, plaintiffs produced a statement from the manufacturer of the fiberglass used by plaintiffs that the product contained no formaldehyde, but that it used a water-based, acrylic binder.

I.

■ Plaintiffs argue that the trial court abused its discretion in allowing Dr. Allen

to testify when he was designated less than 25 days before trial and his designation was unaccompanied either by a summary of his qualifications or by a detailed statement of his opinions. We agree.

■ Both C.R.C.P. 16, which is applicable when the court elects to conduct a pre-trial conference, and C.R.C.P. 121, § 1–18(1)(a)(V) and (VII), which governs the information to be set forth in a trial data certificate when no pre-trial conference is held, contemplate the designation of expert witnesses, and a description of their testimony, at some reasonable time before trial. Although C.R.C.P. 16 applies here, this court has noted that the purpose of the requirement of C.R.C.P. 121 for the pre-trial designation of experts "is to provide both sides with the opportunity to prepare adequately for trial and to prevent undue surprise." *Conrad v. Imatini,* 724 P.2d 89 (Colo.App.1986). It therefore rests within the discretion of the trial court whether to allow the late endorsement of a witness. *C.K.A. v. M.S.,* 695 P.2d 785 (Colo.App. 1984), *cert. denied, M.S. v. C.K.A.,* 705 P.2d 1391 (Colo.1985); *Wood v. Rowland,* 41 Colo.App. 498, 592 P.2d 1332 (1978).

Counsel for Rapco represented to the trial court that Dr. Allen had been first contacted by counsel for Cellular, the settling defendant, and that it was not until after the pre-trial conference that Rapco's counsel learned of him. Yet, this record discloses that Cellular had not listed Dr. Allen in its trial data certificate; it had listed a different expert, whom Rapco also later endorsed. Likewise, this record is devoid of any reason why Rapco could not have relied upon that expert or why it was impossible to provide to plaintiffs a description of Dr. Allen's qualifications and a reasonably detailed summary of his expected testimony. Moreover, the court did not require Rapco to produce Dr. Allen for a pre-trial deposition as a condition to allowing his testimony. *Cf. Murphy v. Colorado Aviation, Inc.,* 41 Colo.App. 237, 588 P.2d 877 (1978) (not error to allow unlisted witness to testify where other party knew of witness and had taken his deposition).

Whether the levels of formaldehyde found in plaintiffs' home could have caused the symptoms described by plaintiffs was one of the principal issues presented to the jury. Likewise, the question whether these symptoms were caused by the foam insulation or by another source was also presented. Upon both issues Dr. Allen's testimony contradicted the testimony of plaintiffs' expert. Had plaintiffs been prepared to prove at the time of trial that the fiberglass used by them contained no formaldehyde, such proof would have directly impeached Dr. Allen on that specific subject. In addition, it would have removed the explanation that the defendants provided for their discovery of recently increased formaldehyde levels in plaintiffs' home.

Because of the importance of Dr. Allen's testimony, he should not have been allowed to testify without a full disclosure of the details of his qualifications and opinions, sufficiently in advance of trial to enable plaintiffs to prepare effective cross-examination. The court's allowance of Dr. Allen's testimony, without imposing such a requirement upon Rapco, constituted an abuse of discretion. *See Wood v. Rowland, supra.*

## II.

■ We reject plaintiffs' further claim that the court erred in imposing too lenient a sanction for defendants' failure to produce documents and to engage in other discovery. The selection of a particular sanction rests within the sound discretion of the trial court, which discretion was not abused in this instance. *See E. & E. Bonding Co. v. People,* 160 Colo. 185, 415 P.2d 860 (1966); *McRill v. Guaranty Federal Savings & Loan Ass'n,* 682 P.2d 498 (Colo. App.1984).

## III.

■ Finally, plaintiffs assert that the trial court erred in accepting the testimony of the defense expert who operated the testing equipment to ascertain the formaldehyde levels in plaintiffs' home. They argue that, as in *People v. Bowers,* 716 P.2d 471 (Colo.1986); and *Denman v. Burlington Northern R.R. Co.,* 761 P.2d 244 (Colo.App. 1988), an inadequate foundation was laid for such testimony.

However, the judgment in this case was entered in May 1984, when C.R.C.P. 59(f) required the filing of a post-trial motion and which limited the questions to be considered on appeal to those raised in such motion. While we agree that plaintiffs' C.R.C.P. 59 motion raised the issue of Rapco's failure properly to designate Dr. Allen as a witness, it did not present the question of the admissibility of the test equipment operator's testimony. Because such issue was not raised, and because it may not be presented in the same manner in any re-trial, we do not consider that question on appeal. *See Bakehouse & Associates, Inc. v. Wilkins,* 689 P.2d 1166 (Colo.App.1984).

The judgment is reversed and the cause is remanded for a new trial.

BABCOCK and JONES, JJ., concur.