Linda Damman NEWELL,
Plaintiff–Appellant,

v.

Tibor ENGEL, M.D., Defendant–Appellee.

No. 93CA0748.

Colorado Court of Appeals,
Div. IV.

Dec. 15, 1994.

Rehearing Denied Feb. 9, 1995.

Certiorari Denied July 31, 1995.

Thomas J. Tomazin, P.C., Thomas J. To-mazin, Englewood, Juliet Godwin Sharpe, Evergreen, James K. Kreutz & Associates, P.C., James K. Kreutz, Englewood, for plain-tiff-appellant.

Johnson, Ruddy, Norman & McConaty, P.C., Thomas H. Anderson, Collie E. Nor-man, Denver, for defendant-appellee.

Opinion by Judge MARQUEZ.

In this action for medical malpractice, plaintiff, Linda D. Newell, appeals a judg-ment dismissing her claims against defen-dant, Tibor Engel, for failing to comply with an order for psychiatric examination. We affirm.

The original complaint, filed in July 1989, asserted claims for relief against three physi-cians, including defendant Engel and a hospi-tal. Through a series of various motions and hearings spanning a period of approximately two years, all claims, except those against defendant, were ultimately dismissed. The claims against defendant concern an alleged course of treatment and side effects plaintiff claims she suffered as a result of that treat-ment.

On May 26, 1992, the court, upon motion by defendant, issued an order pursuant to C.R.C.P. 35 for an independent psychiatric examination of plaintiff. Plaintiff was subse-quently represented by different attorneys and at times appeared pro se.

On March 12, 1993, ten days prior to the date for which trial was set, defendant filed a motion to dismiss pursuant to C.R.C.P. 37(b)(2), alleging plaintiff had failed to com-ply with the court-ordered examination. Fol-lowing a two-day hearing, the court issued a lengthy ruling granting the motion and en-tered a judgment of dismissal. Plaintiff's subsequent motions for reconsideration were denied.

I.

Asserting various procedural and other al-leged errors, plaintiff first contends that the trial court erred in granting defendant's mo-tion to dismiss pursuant to C.R.C.P. 37(b)(2). We disagree.

C.R.C.P. 37(b)(2) provides in pertinent part:

If a party ... fails to obey an order to provide or permit discovery, including an order made under section (a) of this Rule or Rule 35, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

. . . .

(C) An order ... dismissing the ac-tion. . . .

■ Whether to impose sanctions and the nature of the sanctions to be imposed are matters within the sound exercise of the trial court's discretion. A trial court's decision to impose a sanction will not be overturned

unless such decision constitutes an abuse of discretion. *Nagy v. District Court,* 762 P.2d 158 (Colo.1988). A court should impose a sanction that is commensurate with the seriousness of the disobedient party's conduct. *Kwik Way Stores, Inc. v. Caldwell,* 745 P.2d 672 (Colo.1987).

■ The harshest of all sanctions is dismissal or entry of a default judgment, which should be imposed only in extreme circumstances. *Nagy v. District Court, supra; see J.P. v. District Court,* 873 P.2d 745 (Colo. 1994).

In *Nagy, supra,* the court held that to impose the sanction of a default judgment against a party for failure to comply with a discovery rule or order, the trial court must make a specific finding of one of three factors on the part of the disobedient party. These factors are:

> (1) willfulness or deliberate disobedience of discovery rules; (2) bad faith conduct which is a flagrant disregard or dereliction of one's discovery obligations; or (3) culpable conduct which is more than mere inadvertence or simple negligence but is gross negligence.

*Nagy v. District, supra,* at 161.

### A.

Citing the provisions of C.R.C.P. 35 requiring that the order must specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made, plaintiff asserts that the order granting the motion for independent psychiatric examination was not in conformity with that rule. We reject this argument.

■ Here, the order for psychiatric examination was entered in May 1992 following earlier attempts at psychological testing. The order provided in part:

> Plaintiff is hereby ordered to make herself available for psychological testing by [named psychologist] at a mutually convenient time, and for psychiatric evaluation by [named psychiatrist] at a mutually convenient time.

However, the issue was clarified in a hearing held on February 8, 1993, at which counsel indicated the process had been discussed with plaintiff's counsel. Further, plaintiff raised no objection on this ground before the testing occurred.

### B.

Plaintiff also asserts error based on defense counsel's failure to comply with the C.R.C.P. 121 § 1–12 requirement to confer. We find no error.

C.R.C.P. 121 § 1–12 provides in pertinent part:

> 5. Unless otherwise ordered, the court will not entertain any motion under Rule 37(a), C.R.C.P., unless counsel for the moving party has conferred or made reasonable effort to confer with opposing counsel concerning the matter in dispute before the filing of the motion. Counsel for the moving party shall file a certificate of compliance with this rule at the time the motion under Rule 37(a), C.R.C.P., is filed.

C.R.C.P. 37(a) addresses motions for orders compelling discovery.

■ Before requesting a court order for psychiatric exam, defendant first made an unsuccessful effort by stipulation to examine plaintiff in February 1992. Plaintiff subsequently refused to appear for a psychiatric evaluation scheduled for March 1992. After the order for examination was entered, plaintiff was essentially without counsel until January 1993. Further, a hearing was held on February 8, 1993, to address the examinations that were to follow.

■ We note that the motion to dismiss was not a motion to compel under C.R.C.P. 37(a), but rather a motion under C.R.C.P. 37(b)(2) seeking a sanction of dismissal for failure to comply with the order for examination, which had previously been entered. In such a circumstance, C.R.C.P. 121 § 1–12(5) does not apply.

### C.

Because the motion to dismiss was filed approximately 10 days prior to trial, plaintiff asserts violations of C.R.C.P. 121 § 1–15,

resulting in extreme prejudice to her. We perceive no error.

C.R.C.P. 121 § 1–15 provides that a responding party shall have fifteen days "or such lesser or greater time as the court may allow" to file a responsive brief.

■ Here, four dates for plaintiff's examination were scheduled with the last session to be held on March 10, 1993, and the motion to dismiss was filed when the attempts at examination failed. Further, plaintiff filed a response requesting a hearing, but she failed to object to the lack of time to prepare for the hearing or the lack of proper notice, and did not seek an extension of time to respond. The court held a two-day hearing at which plaintiff presented evidence, and the record of that hearing does not indicate that plaintiff requested more time to present additional evidence.

Absent a request for an extension or continuance, we find no prejudice and no error. *See People v. Bailey*, 191 Colo. 366, 552 P.2d 1014 (1976) (late endorsement of witness is not reversible error unless defendant makes a timely request for continuance); *People v. Kraemer*, 795 P.2d 1371 (Colo.App.1990).

### D.

Another contention is that defendant was dilatory in pursuing a psychiatric examination of plaintiff. We conclude that the contention is without merit.

Here, the court's order for the psychiatric examination was issued May 26, 1992, but examinations were not scheduled until approximately six weeks prior to trial. However, as the trial court noted, although the action was filed in July 1989, it was first set for trial to begin on June 3, 1991. In the meantime, plaintiff's counsel withdrew in November 1990 and she was without counsel until May 1991. On defense counsel's motion, the trial date was then rescheduled to April 1992. The examinations of plaintiff scheduled for February and March 1992 proved unfruitful.

■ In March 1992, defendant sought an order for a psychiatric examination of plaintiff and moved for continuance of the trial

date and that date was continued again to March 1993. The record reflects that plaintiff discharged her counsel in April 1992 and the court issued an order allowing plaintiff's counsel to withdraw and also imposing certain restrictions on the parties' contacts with each other. Except for the limited appearance of one attorney, plaintiff basically was not represented by counsel until January 22, 1993, and dates for the examination were scheduled with plaintiff's counsel soon thereafter. A pre-trial conference was also held on February 8, 1993, concerning the examination and trial.

Under these circumstances, we cannot conclude that defendant was dilatory.

### E.

Plaintiff also asserts that she complied with the May 26, 1992, order and that, thus, the trial court's order granting the motion to dismiss was clearly erroneous. We disagree.

Both parties cited *Kwik Way Stores, Inc. v. Caldwell, supra*, in support of their positions before the trial court. There, the court ruled that it is not necessary that a party's failure to appear for a deposition be willful in order for a trial court to enter a default or other sanction under C.R.C.P. 37(d):

Rather … while willfulness is one factor to consider, a trial court may impose a sanction of default under C.R.C.P. 37(d) when a party's failure to appear for a deposition was the result of bad faith or fault amounting at least to gross negligence.

*Kwik Way Stores, Inc. v. Caldwell, supra*, at 675.

The *Kwik Way* court also discussed sanctions authorized under C.R.C.P. 37(b)(2), holding that the presence or absence of culpable conduct should remain an important consideration in the imposition of a litigation-ending sanction such as default judgment. The court also noted that a sufficient level of culpability for default will generally be present in cases in which an order compelling discovery was entered and the party failed to comply.

■ The *Kwik Way* guidelines apply equally to determining whether the sanction of dismissal under C.R.C.P. 37(b)(2) should be imposed for failure to file a trial data certificate, *Nagy v. District Court, supra,* and, in our view, are the guidelines to be applied here.

■ Unlike in *Kwik Way,* the trial court here made extensive and specific findings on the standard it was applying together with findings concerning plaintiff's level of culpability, bad faith, and gross negligence. Specifically, the court found (1) that defendant was entitled to examine and discover plaintiff's mental condition; (2) that prior to the May 26, 1992, order, the parties agreed plaintiff would have an independent examination by the licensed clinical psychologist and that the examination was a complete failure; (3) that plaintiff was intentionally sabotaging the examination with the licensed clinical psychologist; (4) that there was a direct violation of the court's order; (5) that plaintiff's conduct reflected gross negligence; and (6) that plaintiff is a very intelligent woman, who understood what was being asked and intentionally and in bad faith disregarded her discovery obligations.

The trial court also considered alternatives to dismissing the case. However, noting that 44 months after the complaint had been filed defendant had not yet been provided the discovery to which he was entitled and that this was a psychiatric case, the trial court granted the motion to dismiss.

This decision was made following a two-day hearing during which the court heard testimony from plaintiff and the licensed clinical psychologist. The psychologist testified that at the testing session in 1992 plaintiff refused to answer some of the test questions, that it was impossible to complete the testing, and that plaintiff obstructed the process. The psychologist conducted four sessions of testing with plaintiff in 1993. She testified that certain tests were attempted, that, because of plaintiff's refusal to answer a number of questions, the tests were invalid, that plaintiff was uncooperative in taking the tests, and that plaintiff's behavior sabotaged the testing and evaluation process.

According to the testimony and arguments presented at the hearing on the motion to dismiss, there had been no prior psychological testing or test results. Also, in argument, plaintiff's counsel conceded that the psychiatric or mental aspects were "interwoven into every aspect of the case."

■ Under these circumstances, the court's findings are supported by the record, and thus, they will not be disturbed on appeal. *See Associates v. San Lazaro Park Properties,* 864 P.2d 111 (Colo.1993).

Nor do we view *DeCrescenzo v. Maersk Container Service Co., Inc.,* 741 F.2d 17 (2d Cir.1984), upon which plaintiff relies, as requiring reversal. There the trial court dismissed a personal injury action under Fed. R.Civ.P. 37(b) for a supposed failure to comply with an order requiring the plaintiff to submit to a physical examination under Fed. R.Civ.P. 35. Plaintiff, however, would not allow the doctor to touch his foot, claiming that it was too painful. In reversing the trial court, the federal appellate court noted that the trial court assumed plaintiff did not have the conditions alleged, that the doctor based his extensive conclusions on the examination he did conduct, and that the doctor's report did not indicate that the examination was in any way incomplete or inadequate. Thus, defendant had the benefit of an examination and report which should have enabled it effectively and adequately to defend its suit.

Here, after a number of attempts to conduct basic psychological tests, defendant, in the words of the trial court, was without the "raw data" to reach any conclusions or defend its suit. The record also does not indicate that the trial court assumed either that plaintiff had or that she did not have the conditions alleged.

Based on the foregoing, we conclude that the trial court did not abuse its discretion in granting the motion to dismiss. *See Braxton v. Luff,* 38 Colo.App. 451, 558 P.2d 444 (1976).

## II.

Finally, the record negates plaintiff's contention that the trial court erred in refusing to rule on her motion to exclude the testimony of defendant's two expert witnesses be-

cause of defendant's asserted failure to comply with C.R.C.P. 16(g).

C.R.C.P. 16(g) provides that a report or summary of opinions of each expert witness must be served on all parties no later than eighty days before the trial date.

It is true that plaintiff did not receive the report of one expert witness until March 18, 1993, and no report was submitted by the licensed clinical psychologist, who asserted that plaintiff failed to complete the examination. However, the record indicates that plaintiff moved to strike defendant's other witnesses pursuant to C.R.C.P. 16(g), but expressly provided that, because of the status of the case, "plaintiff has no objection to these two physicians being permitted to testify at the time of trial." Further, because the dismissal was properly entered, no further ruling on plaintiff's motion was necessary.

The judgment is affirmed.

ROTHENBERG and CASEBOLT, JJ., concur.