23CA1621 Heartwood v Harrington 10-17-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1621
El Paso County District Court No. 21CV31903
Honorable David Shakes, Judge

Heartwood Custom Cabinetry, LLLP, a Colorado limited liability limited partnership,

Plaintiff-Appellant,

v.

Charles Kent Harrington and Lynn Harrington f/k/a Lynn Lemay,

Defendants-Appellees,

v.

Tracy Victor Martinez,

Third-Party Defendant-Appellant.

JUDGMENT AND ORDER AFFIRMED

Division IV
Opinion by JUDGE YUN
Harris and Kuhn, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 17, 2024

Kane Law Firm, P.C., Mark H. Kane, Colorado Springs, Colorado, for Plaintiff-Appellant and Third-Party Defendant-Appellant

Sparks Willson, P.C., Matthew A. Niznik, Colorado Springs, Colorado, for Defendants-Appellees

¶ 1    This case arises from a contract dispute that plaintiff, Heartwood Custom Cabinetry, LLLP, and third-party defendant, Tracy Victor Martinez (collectively, Heartwood), had with defendants, Charles Kent Harrington and Lynn Harrington f/k/a Lynn Lemay (collectively, the Harringtons).

¶ 2    After Heartwood failed to respond to the Harringtons' discovery requests, the district court entered an order compelling discovery, imposed attorney fees and costs, and ordered Martinez to appear in person at a court hearing. When Heartwood still failed to respond to the discovery and Martinez failed to appear in court, the district court dismissed Heartwood's claims and entered default judgment on the Harringtons' counterclaims against Heartwood as discovery sanctions under C.R.C.P. 37(c).

¶ 3    Heartwood appeals these sanctions, arguing that they were unduly harsh and that the court should have imposed less severe penalties. Heartwood also appeals the court's order denying its motion to reconsider the sanctions due to the negligence of its prior attorney. Because we conclude that the district court did not abuse its discretion by imposing the sanctions and because Heartwood did

not demonstrate gross negligence in its motion for reconsideration, we affirm the judgment and order.

## I.   Background

¶ 4    In 2021, the Harringtons entered into a contract with Heartwood Custom Cabinetry to build and install custom cabinetry and a butcher block in their kitchen.  But, according to the Harringtons, the company failed to comply with many of the agreed-upon specifications for the installation.  The Harringtons eventually replaced the company on the project and refused to make the final payment required by the contract upon completion of the work.

¶ 5    Thereafter, Martinez — a general partner of Heartwood Custom Cabinetry — allegedly threatened to disseminate to the Harringtons' neighbors news articles about a deferred prosecution agreement that Charles Harrington entered into a decade earlier unless the Harringtons made the final payment.  When the Harringtons did not capitulate, Heartwood filed a mechanic's lien against their home and commenced this lawsuit asserting claims for

breach of contract, unjust enrichment, and foreclosure of a mechanic's lien.[1]

¶ 6    The Harringtons asserted counterclaims for breach of contract, fraudulent misrepresentation, violation of the Colorado Consumer Protection Act, and conversion against Heartwood Custom Cabinetry, and they asserted claims for outrageous conduct and violation of the Colorado Organized Crime Control Act against both the company and Martinez.  Martinez responded by asserting a claim for libel per se against the Harringtons based on their allegations against him.

¶ 7    The Harringtons served discovery requests on Heartwood. After granting the Harringtons' anti-SLAPP[2] motion to dismiss Martinez's libel claim that had automatically stayed discovery, the district court set a specific deadline for Heartwood to respond to the Harringtons' discovery requests.  But Heartwood did not meet this deadline.  Instead, four days after the deadline had passed,

---

[1] Heartwood also asserted these claims against Aletha Ann Harrington, but she was ultimately dismissed from the case and her involvement is not relevant to this appeal.
[2] "SLAPP" is an acronym for "strategic lawsuits against public participation."

Heartwood's counsel reached out to the Harringtons' attorney and was given an additional four days to respond. Ten days later, the Harringtons still had not received any discovery responses and filed a motion to compel.

¶ 8    Thirteen days after the motion to compel was filed (and twenty-seven days after the original discovery deadline), the district court held a status conference on the discovery dispute. Heartwood's counsel informed the court that he "was having difficulties with [Martinez]" concerning discovery. He did not object to an order granting the motion to compel and told the court that "what is provided to me by [Martinez] will be provided to" the Harringtons. Accordingly, the court granted the motion, ordered Heartwood to provide its discovery responses within seven days, and awarded the Harringtons their attorney fees and costs associated with the discovery dispute. The district court also determined that "it would be important to have a status conference . . . with Mr. Martinez present, so that I can go over what my expectations are directly with him," and it ordered Martinez to appear in person at a conference set a month later.

¶ 9    Heartwood again failed to deliver any discovery responses by the deadline, and the Harringtons filed a motion for sanctions requesting that the district court dismiss Heartwood's claims and enter default judgment on the Harringtons' counterclaims. The court did not rule on the motion before the scheduled status conference.

¶ 10    Martinez did not appear at the conference despite the court order that he attend in person. Heartwood's counsel informed the court that he had spoken with Martinez a couple of weeks earlier and that it was his "expectation that [Martinez] would be here." Heartwood's counsel also told the court that Martinez had "informed [him that] he was going to be pulling together the information for the responses to discovery" but he had "not received those from him to date."

¶ 11    The next day — sixty-one days after the original discovery response deadline — the district court granted the motion for sanctions, awarded attorney fees and costs associated with the motion, and dismissed Heartwood's claims while entering default judgment on the Harringtons' counterclaims against Heartwood. The court found that Heartwood completely "fail[ed] to comply with

5

the disclosure and discovery rules and orders" because Heartwood "ha[d] disclosed nothing." It also found that Heartwood's repeated failure to comply was prejudicial because the Harringtons "cannot adequately prepare their claims, defenses, or expert disclosures" without the discovery responses. And the court noted that, whether at the hearing or in its response to the motion for sanctions, Heartwood never explained "the absence of . . . Martinez or . . . the failure to comply with the court's discovery order." Because of these failures, the court determined that Heartwood's conduct was willful and deliberate.

¶ 12    Several months later, Heartwood's counsel filed a motion to withdraw his representation of Heartwood Custom Cabinetry and Martinez, and Heartwood retained a new attorney who entered his appearance shortly thereafter. Heartwood then filed a C.R.C.P. 60(b) motion to reconsider the sanctions order, accompanied by Martinez's affidavit asserting that he "was unaware of any problems with discovery requests and/or responses" and "was unaware of any motions to compel or any potential sanctions taken against Heartwood or [him] because of any failure to provide discovery responses." The motion "acknowledge[d] that discovery violations

occurred" but argued that the sanctions the court imposed were nonetheless too severe and that less drastic measures could have been appropriate. And the motion asserted that prior counsel "did not share the significance of the sanctions potentially employed for failure to comply with discovery requests."

¶ 13 The district court denied the motion. It noted that, at the time it granted the motion for sanctions, "all prior efforts to encourage [Heartwood] to comply with disclosure and discovery rules over the preceding months had been futile and further efforts by the court to encourage discovery compliance would be futile." It thus concluded that "the sanction imposed in this case was and remains the appropriate and necessary sanction." And the court found that "[b]ased on the evidence available in this case, the suggestion [Heartwood was] unaware of the seriousness of the discovery violations is not plausible."

¶ 14 The court ultimately held a hearing on the Harringtons' claimed damages where it allowed Heartwood to contest the amount before entering a monetary award in the Harringtons' favor. Heartwood does not challenge that award.

II.    Analysis

¶ 15    Heartwood appeals the district court's imposition of sanctions and its denial of Heartwood's motion for reconsideration.  We address and reject each contention in turn.

## A.    Dismissal and Default Judgment

¶ 16    Heartwood first contends that the district court abused its discretion when it dismissed Heartwood's claims and entered default judgment against it on the Harringtons' counterclaims. Specifically, it argues that the sanctions were unduly harsh and that the court should have imposed other, less severe sanctions. We disagree.

### 1.    Standard of Review and Applicable Law

¶ 17    We review the district court's imposition of sanctions under C.R.C.P. 37 for an abuse of discretion.  *Pinkstaff v. Black & Decker (U.S.) Inc.*, 211 P.3d 698, 702 (Colo. 2009).  The district court "has considerable discretion to determine whether sanctions should be imposed for discovery violations and what those sanctions should be." *Prefer v. PharmNetRx, LLC*, 18 P.3d 844, 849 (Colo. App. 2000). A district court abuses its discretion when its ruling is manifestly arbitrary, unreasonable, or unfair or when it misinterprets or

misapplies the law. *Cath. Health Initiatives Colo. v. Earl Swensson Assocs., Inc.*, 2017 CO 94, ¶ 8; *see Churchill v. Univ. of Colo.*, 2012 CO 54, ¶ 74 ("In assessing whether [the district] court's decision is manifestly unreasonable, arbitrary, or unfair, we ask not whether we would have reached a different result but, rather, whether the [district] court's decision fell within a range of reasonable options." (quoting *E-470 Pub. Highway Auth. v. Revenig*, 140 P.3d 227, 230-31 (Colo. App. 2006))).

¶ 18    C.R.C.P. 37(b)(2) provides that a district court may sanction a party that "fails to obey an order to provide or permit discovery." Sanctions can range from deeming certain facts as established, to "dismissing the action or proceeding or any part thereof," or entering default judgment against the noncompliant party. C.R.C.P. 37(b)(2)(A)-(C).

> Generally, sanctions under C.R.C.P. 37 "should be applied in a manner that effectuates proportionality between the sanction imposed and the culpability of the disobedient party." . . . When discovery abuses are alleged, courts should carefully examine whether there is any basis for the allegation and, if sanctions are warranted, impose the least severe sanction that will ensure there is full compliance with a court's

discovery orders and is commensurate with the prejudice caused to the opposing party.

*Pinkstaff*, 211 P.3d at 702 (quoting *Kwik Way Stores, Inc. v. Caldwell*, 745 P.2d 672, 677 (Colo. 1987)).

¶ 19    "Dismissal, the severest form of sanction, is generally appropriate only for willful or deliberate disobedience of discovery rules, flagrant disregard of a party's discovery obligations, or a substantial deviation from reasonable care in complying with those obligations." *Prefer*, 18 P.3d at 850.  Thus, dismissal "should be imposed only in extreme circumstances." *Nagy v. Dist. Ct.*, 762 P.2d 158, 161 (Colo. 1988).

## 2.    Discussion

¶ 20    Heartwood does not contest any of the district court's findings in the sanctions order, including that Heartwood failed "to comply with the disclosure and discovery rules and orders," that it had "disclosed nothing," and that the Harringtons could not "adequately prepare their claims, defenses, or expert disclosures" without the discovery responses.  Nevertheless, Heartwood contends that the district court abused its discretion by imposing dismissal and default judgment in lieu of lesser sanctions.  We are not persuaded.

¶ 21    The district court took steps of escalating severity in an effort to make Heartwood comply with its discovery obligations. The court initially set a specific deadline for Heartwood to respond; when that failed, it entered an order compelling Heartwood to respond and awarded the Harringtons attorney fees and costs. And as a final measure, it ordered Martinez to appear in person at the next status conference so it could impress upon him the importance of complying with his discovery obligations.

¶ 22    Despite these efforts, Martinez did not appear at the subsequent hearing and, sixty-one days after the initial response deadline and well over a year after filing the lawsuit, Heartwood had not produced any discovery. Heartwood's repeated failure to participate in discovery warranted severe sanctions because, as the district court found, Heartwood was "withholding necessary and important evidence to every claim in the matter" and "[w]ithout Heartwood's and Martinez's discovery responses, [the Harringtons] [could not] adequately prepare their claims, defenses, or expert disclosures." *Cf. Cornelius v. River Ridge Ranch Landowners Ass'n*, 202 P.3d 564, 571 (Colo. 2009) (Because "the nondisclosure in this

case was so extensive that the parties and the water court had virtually no specific information," it merited dismissal of the case.).

¶ 23 In total, Heartwood disregarded three separate court orders. And, as the district court noted, Heartwood did not make any effort to "explain the failures to comply with disclosure rules and discovery orders" or why Martinez did not appear as ordered. Thus, the district court did not abuse its discretion in dismissing Heartwood's claims and entering default judgment against it on the Harringtons' counterclaims because Heartwood willfully or flagrantly disregarded its discovery obligations. *See Caldwell*, 745 P.2d at 677 ("Where a party . . . engages in a course of conduct that manifests a flagrant disregard of discovery obligations . . . , a court may properly impose the sanction of default."); *Newell v. Engel*, 899 P.2d 273, 277 (Colo. App. 1994) ("[A] sufficient level of culpability for default will generally be present in cases in which an order compelling discovery was entered and the party failed to comply."). And because Heartwood ignored the court's previous attempts to enforce discovery compliance, including a lesser sanction awarding attorney fees and costs and an order requiring Martinez to appear in court to discuss the importance of complying

with his discovery obligations, it was reasonable for the district court to conclude that no less severe sanctions were appropriate. *Cf. Sheid v. Hewlett Packard*, 826 P.2d 396, 399 (Colo. App. 1991) (dismissal appropriate where the plaintiff refused to comply with three orders directing the plaintiff to sign medical releases despite the tribunal's efforts to stay the proceedings pending compliance).

¶ 24 In sum, while dismissal is only appropriate in rare cases for "willful or deliberate disobedience of discovery rules, flagrant disregard of a party's discovery obligations, or a substantial deviation from reasonable care in complying with those obligations," *Prefer*, 18 P.3d at 850, this is that rare case where dismissal and the entry of default judgment was a reasonable exercise of the district court's discretion because Heartwood willfully or flagrantly disobeyed its discovery obligations and multiple court orders.

¶ 25 We are not persuaded otherwise by Heartwood's contention that the sanctions were too severe given "evidence of attorney misconduct" — failing to respond to requests for admission and to explain Martinez's absence at the status conference — by Heartwood's prior counsel. Heartwood did not raise this argument with the district court, so we will not consider it. *See Gestner v.*

*Gestner*, 2024 COA 55, ¶ 18 ("In civil cases, issues not raised in or decided by the district court generally will not be addressed for the first time on appeal.").

### B. Motion for Reconsideration

¶ 26 Heartwood next contends that the district court abused its discretion by denying Heartwood's C.R.C.P. 60(b) motion for reconsideration premised on the "gross negligence" of its prior attorney. We again disagree.

### 1. Standard of Review and Applicable Law

¶ 27 We review a district court's denial of a C.R.C.P. 60(b) motion for an abuse of discretion. *Gold Hill Dev. Co., L.P. v. TSG Ski & Golf, LLC*, 2015 COA 177, ¶ 65. "To constitute an abuse of discretion, the [district] court's ruling must be manifestly arbitrary, unreasonable, or unfair, or be based on a misunderstanding of the law." *Id.* The district court's findings of fact and credibility determinations may not be disturbed on appeal unless they are clearly erroneous and lack support in the record, and we may not substitute our own findings of fact for those of the district court. *See M.D.C./Wood, Inc. v. Mortimer*, 866 P.2d 1380, 1383-84 (Colo. 1994).

¶ 28    As relevant in this case, a judgment or order may be set aside for "[m]istake, inadvertence, surprise, or excusable neglect." C.R.C.P. 60(b)(1). "A party's conduct constitutes excusable neglect when the surrounding circumstances would cause a reasonably careful person similarly to neglect a duty. Common carelessness and negligence do not amount to excusable neglect." *In re Weisbard*, 25 P.3d 24, 26 (Colo. 2001) (citation omitted). "When determining whether a [litigant]'s failure to act is excusable under C.R.C.P. 60(b), courts 'should not impute the gross negligence of an attorney to the client.'" *Plaza del Lago Townhomes Ass'n v. Highwood Builders, LLC*, 148 P.3d 367, 374 (Colo. App. 2006) (quoting *Buckmiller v. Safeway Stores, Inc.*, 727 P.2d 1112, 1116 (Colo. 1986)).

¶ 29    The movant bears the burden of establishing grounds for relief by clear and convincing evidence. *Goodman Assocs., LLC v. WP Mountain Props., LLC*, 222 P.3d 310, 315 (Colo. 2010); *see Borer v. Lewis*, 91 P.3d 375, 379 (Colo. 2004).

## 2.    Discussion

¶ 30    As a threshold matter, Heartwood did not preserve the argument that its prior counsel was grossly negligent for our review.

15

In its motion for reconsideration, Heartwood argued that "[p]revious counsel . . . did not share the significance of the sanctions potentially employed for failure to comply with discovery requests" and that "Heartwood and Martinez were not aware of the discovery disputes or the pending sanctions."  Even if we assume that these assertions preserved the argument that Heartwood's counsel was negligent, they did not preserve the argument that the attorney was *grossly* negligent.  *See Gebert v. Sears, Roebuck & Co.*, 2023 COA 107, ¶ 25 ("To properly preserve an argument for appeal, the party asserting the argument must present 'the sum and substance of the argument' to the district court." (quoting *Madalena v. Zurich Am. Ins. Co.*, 2023 COA 32, ¶ 50)).  Gross negligence requires "conduct [that] is so aggravated as to be all but intentional. . . .  [It] describe[s] a form of aggravated negligence that differs in quality rather than degree from ordinary lack of care."  *White v. Hansen*, 837 P.2d 1229, 1233 (Colo. 1992); *see Pfantz v. Kmart Corp.*, 85 P.3d 564, 568 (Colo. App. 2003).  Heartwood's contention that its prior attorney "did not share the significance of the sanctions potentially employed for failure to comply with discovery requests" does not allege conduct rising to this level.  *See In re Weisbard*,

16

25 P.3d at 26. And Martinez's affidavit does not contain a single reference to his prior attorney or the attorney's conduct. Instead, it simply states that Martinez was "unaware of any problems with discovery requests and/or responses" and "unaware of any motions to compel or any potential sanctions . . . because of any failure to provide discovery responses" without any further explanation. *See Goodman Assocs., LLC*, 222 P.3d at 315. Accordingly, we conclude that Heartwood's motion for reconsideration did not preserve its argument of gross negligence.

¶ 31 But even if Heartwood's gross negligence argument were preserved, the district court considered and rejected the evidence underpinning the argument when it found that "the suggestion that [Heartwood was] unaware of the seriousness of the discovery violations is not plausible." This finding enjoys record support through the statements of Heartwood's prior counsel demonstrating that he was communicating with his clients about discovery. Most notably, at the status conference that Martinez was ordered to attend, Martinez's counsel told the court that he had spoken with Martinez about the conference and expected him to appear in person and that, during their conversation, Martinez "informed me

he was going to be pulling together the information for the Responses to the discovery." Heartwood does not dispute that this conversation took place. Instead, it contends that "one call made . . . two-and-a-half weeks before the hearing was inadequate," and it stresses that the record reflects other supposedly negligent conduct by its prior counsel that undercuts the credibility of the attorney's statements. But even if true, it is the role of the district court to weigh conflicting evidence; the court's finding is supported by the record, and we cannot substitute it with our own. *See Mortimer*, 866 P.2d at 1383-84.

¶ 32 The district court also rejected Heartwood's argument that it was entitled to C.R.C.P. 60(b) relief because it was inadequately advised when prior counsel "did not share the significance of the sanctions potentially employed for failure to comply with discovery requests." The court ruled that "[i]f the excuse offered by [Heartwood] is that its attorney failed to properly advise and represent it, then that issue is more appropriately addressed in a forum in which that attorney can be heard and respond." We discern no abuse of discretion in this ruling because, as we previously mentioned, the alleged misconduct of prior counsel does

18

not rise to the level of gross negligence warranting relief under C.R.C.P. 60(b)(1). *See In re Weisbard*, 25 P.3d at 26.

¶ 33 Accordingly, we perceive no abuse of discretion in the district court's denial of Heartwood's motion for reconsideration.

## C. Attorney Fees

¶ 34 The Harringtons request an award of their appellate attorney fees pursuant to "Rule 37"[3] and under the district court's order entering a monetary award. Because the Harringtons do not explain how the rule or the order entitles them to appellate attorney fees, we deny their request. *See* C.A.R. 39.1 (requiring that the party requesting attorney fees explain the legal and factual basis to support the request); *Sos v. Roaring Fork Transp. Auth.*, 2017 COA 142, ¶ 59 (declining to consider an "undeveloped request" for attorney fees where the requesting party failed to state any legal or factual basis for an award).

---

[3] We assume that the Harringtons are referring to C.R.C.P. 37 ("Failure to Make Disclosure or Cooperate in Discovery: Sanctions") and not C.A.R. 37 ("Interest on Judgments").

## III. Disposition

¶ 35     The judgment and order are affirmed.

JUDGE HARRIS and JUDGE KUHN concur.